### ARTHUR W. WYATT *vs.* CHARLES H. HILL and E. C. EMMONS.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 28, 1899.

*False Imprisonment.*—The defendants took the plaintiff from his home to the court house, where they kept watch of him for a few hours, when he was taken by the jailer and kept in jail until two days later, when he was brought before the United States Commissioner on a warrant charging him with robbery of a post office. No evidence was produced and the plaintiff was set at liberty. Without deciding whether the defendants could under any circumstances be held for the damages that accrued to the plaintiff after he was taken by the jailer, it is held that they are not liable for any that accrued after he was taken on the warrant, it not appearing that they had from that time anything to do with the proceedings.

TRESPASS for false imprisonment. Trial by jury, at the December term, 1898, Windsor county, *Taft*, J., presiding. Verdict and judgment as stated in the opinion. The plaintiff excepted.

*Gilbert A. Davis* and *A. G. Cox* for the plaintiff.

*J. C. Enright* and *H. H. Blanchard* for the defendant.

START, J. The action is trespass for false imprisonment. The plaintiff's evidence tended to show, that, on the afternoon of May 28, 1895, the defendants came to his house in Taftsville and asked him if he wished to go with

them; that he got into the wagon and they drove to the
court house in Woodstock; that they there kept watch of
him until about four o'clock, when E. A. Thomas, the keeper
of the jail at Woodstock, took him to the jail, where he was
kept until May 30, 1895, when he was taken before United
States Commissioner French, on a warrant issued by said
French upon a complaint made out and sworn to by United
States District Attorney Senter, charging the plaintiff with
the robbery of a post office; and that no evidence was
produced to sustain the charge, and the plaintiff was set at
liberty.   The court instructed the jury, that, if they found
that the plaintiff was taken after his arrival at Woodstock,
upon a warrant issued by United States Commissioner
French, and was held upon the warrant thereafter, they
might, in case they found a verdict for the plaintiff, assess
the damages that the plaintiff sustained prior to the time
he was taken under the warrant, and return a verdict for
that sum as damages.   The jury were further instructed
that, if they found the plaintiff was so taken upon a
warrant issued by Commissioner French, they would answer
the following question, "What damage did the plaintiff
sustain as a result of the acts complained of after he was
taken upon the warrant issued by United States Commis-
sioner French?"   To this question, the jury answered,
$96.66, and returned a general verdict for the plaintiff for
$11.22 damages.   The court rendered judgment on the
general verdict, to which the plaintiff excepted, claiming
that he was entitled to the amount named in the special
finding.   The plaintiff insists, in this court, that the court
below should have rendered judgment on the verdict for
the larger sum.   Without deciding, whether or not the
defendants could under any circumstances be held for the
damages that accrued to the plaintiff after he was taken by
the jailer Thomas, we hold that the plaintiff was not
entitled to a judgment for the larger sum.

The warrant was not put in evidence, and there is nothing

in the exceptions that shows that the plaintiff was taken on the warrant issued by Commissioner French, prior to May 30, 1895, when the plaintiff was brought before the commissioner. The jury were instructed to assess the damages the plaintiff sustained prior to the time he was taken upon the warrant, and return a verdict for that sum as damages. Under this instruction, it not appearing that the plaintiff was taken on the warrant issued by the commissioner at an earlier date, it must be held that the jury assessed and returned a general verdict for the plaintiff to recover the damages sustained by him prior to the time he was taken before the commissioner on the warrant. As against the defendants, this was all the plaintiff was entitled to recover. There is nothing in the exceptions that tends to show that the defendants were responsible for the damage that accrued to the plaintiff after he was taken on the warrant issued by the commissioner, to answer unto a complaint by the district attorney, wherein he was charged with robbing a post office. It not appearing that the defendants had anything to do with the proceedings subsequent to the time the plaintiff was taken upon the warrant thus issued, or that they thereafter gave any directions, or exercised any control, respecting the prosecution or custody of the plaintiff, the charge, in so far as it appears from the exceptions, was correct; and error, in rendering judgment for the smaller sum, does not appear.

The plaintiff presented several requests for instructions to the jury as to what would constitute false imprisonment, and, in so far as the court did not comply with them, the plaintiff excepted. We have not been furnished with the charge upon the subject, except as is herein stated, and there is nothing before us from which we can say that the court did not comply with the requests to the extent the plaintiff was entitled to have them complied with. It is stated in the exceptions that the charge as to what would constitute

imprisonment and false imprisonment was satisfactory to the plaintiff and not excepted to. It would seem from this that there was a substantial compliance with the plaintiff's requests; but, for the reasons stated, we do not pass upon this question.

*Judgment affirmed.*