(123 App. Div. 193.)

## WORDEN v. DAVIS et al.

(Supreme Court, Appellate Division, Fourth Department.    January 8, 1908.)

1. FALSE IMPRISONMENT—DAMAGES NOT RECOVERABLE—EXPENSES AFTER RELEASE.

One falsely imprisoned may not recover for expenses incurred by him after his release from arrest in defending the proceeding commenced by the void process upon which he was arrested; the proceedings after the release not being part of the illegal imprisonment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, § 111.]

2. SAME—WHEN ONE MAY SUE.

That a criminal case was not terminated on defendant's release from arrest under a void warrant did not prevent him from suing for false imprisonment before the case was terminated or the warrant judicially declared void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, § 84.]

McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Elliot O. Worden against George T. Davis and others for false imprisonment. From a nominal judgment for plaintiff, and an order denying a new trial, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Elliott O. Worden, pro se.
Howard C. Wiggins, for respondents.

KRUSE, J. The city judge of Rome issued a warrant upon an alleged criminal charge against the plaintiff, and the plaintiff was arrested thereunder. The city judge had no jurisdiction of the subject-matter, and the warrant was void upon its face. The plaintiff brings this action against the city judge, and the persons at whose request he was arrested, to recover damages for false imprisonment. The plaintiff contended when arrested, and always afterward while the proceeding was pending, that the warrant was void and the proceeding without authority of law. In that contention he was sustained by the trial court, and awarded six cents damages by the jury. The defendants do not appeal. The plaintiff, however, feels aggrieved thereby, contending that, owing to the exclusion of certain evidence (to which attention will presently be called), he was not permitted to prove all the damages to which he was entitled, and consequently the verdict was for nominal damages only.

The single question presented by this appeal is whether in an action for false imprisonment the plaintiff is entitled to recover the costs and expenses incurred by him, after his release from arrest, in defending the proceeding commenced by the void process upon which he was arrested. I think the trial court was right in holding that the plaintiff was not entitled to recover therefor. The plaintiff conceded upon the trial, and stated repeatedly, that the action was for false imprisonment. The final colloquy between the court and counsel upon that subject was the statement by counsel for the defendants that the action was for false imprisonment "pure and simple," and in response to the inquiry of the court as to whether that was so, the plaintiff himself replied, in substance, that it was. Thereupon the trial court adhered to his ruling excluding the evidence of plaintiff's costs and expenses after his release from arrest. Had the action been for malicious prosecution as well, a different question would be presented.

A brief résumé of the facts I think will make it clear that the plaintiff was not under arrest after the first day of the proceeding before the city judge. He testified that on the 19th of July, 1905, he was called to the telephone by the chief of police, Barry, who informed him that he had a warrant of arrest for him, and asked him to come to the police station at 2 o'clock, which he did; that upon arriving at the police station he saw the chief of police, and read the warrant; that the chief of police asked him to go with him before the city judge, whose office was upstairs in the same building; that he did so, and found there the city judge, and the defendants Baker and Bingham (at whose request the warrant seems to have been issued). The plaintiff and his counsel were both present, and asked that the matter be continued until they could prepare and file written objections to the jurisdiction and to the warrant. The matter was continued until the next day, and the defendant Davis, the city judge, told the plaintiff to report. That was all that was done on that day, and, so far as the record shows, the chief of police had nothing further to do with the proceeding. Although the plaintiff came back the next day, it does not appear that he was again restrained of his liberty. The plaintiff himself testified upon that subject:

"Mr. Powers (plaintiff's counsel) asked that the matter be continued until the next day, adjourned. Then the judge said it might be, and the question then—something was said if they wanted to lock me up, and the judge said no, I might go without—they wouldn't lock me up, and they did not ask me to give bail, and I should report there the next day at 10 o'clock. At that time I did come back."

While the plaintiff offered to prove upon the trial that he was afterward tried and convicted, and that the conviction was reversed subsequently, I do not understand that he claims he was again taken into custody or imprisoned in any way. In response to the statement by the trial court that the false imprisonment consisted in taking the plaintiff before the city judge, and that there was nothing subsequent to that which was false imprisonment, the plaintiff's counsel stated, "There is nothing subsequent and further than that as to false imprisonment," contending, however, that the evidence of what occurred

subsequently was competent on the theory of damages. Such evidence would have been competent had the action been for malicious prosecution, but the plaintiff expressly disclaimed that such was the nature of the action. The fact that the proceeding was not terminated with plaintiff's release under the void warrant did not prevent him from bringing the action for false imprisonment before the proceeding was terminated, or the warrant judicially declared to be void. Day v. Bach, 87 N. Y. 56; Matter of Bradner, 87 N. Y. 171; Fischer v. Langbien et al., 103 N. Y. 84, 8 N. E. 251. The imprisonment ended when he was released from custody. It is true he might have been re-arrested if he had not appeared the following day, and also subsequently in the proceeding if he had not appealed and procured the judgment of conviction of the City Court to be reversed and set aside, but a sufficient answer to that suggestion is that he was not again arrested. The imprisonment had ended, if the proceeding had not. What was done on the adjourned day and subsequently was not for the purpose of releasing him from imprisonment, since that had been done, and it was not a part of or connected with the illegal imprisonment. Dusenbury v. Kieley, 85 N. Y. 383; Hopner v. McGowan, 116 N. Y. 405, 22 N. E. 558.

I think the judgment and order should be affirmed. All concur except McLENNAN, P. J., and SPRING, J., who dissent in an opinion by McLENNAN, P. J.

McLENNAN, P. J. (dissenting). I dissent upon the ground that the warrant of arrest and the restraint of plaintiff's liberty thereunder being illegal, the plaintiff is entitled to recover all damages which naturally flow from such illegal arrest, including the necessary costs and expenses incurred in vacating the judgment of conviction based upon such illegal warrant of arrest. It is entirely immaterial whether or not after such original arrest the plaintiff was actually imprisoned or restrained of his liberty. He had a legal right to have the warrant and the conviction made thereunder declared illegal and void. Under such circumstances, it is not necessary for the plaintiff to bring an action for malicious prosecution in addition to the action for false imprisonment to recover the damages sustained by him in the premises. All damages resulting to the plaintiff from such illegal arrest, the expenses necessarily incurred in procuring a determination that such warrant was void, and that plaintiff's arrest thereunder was illegal were properly recoverable in this action for false imprisonment.

It seems to me that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

SPRING, J., concurs.