GEARITY v. STRASBOURGER et al.

(Supreme Court, Appellate Division, First Department.   July 13, 1909.)

1. PLEADING (§ 52*) — SEPARATE CAUSES OF ACTION — STATEMENT AND NUM-
BERING.
     Causes of action for false arrest and imprisonment and for malicious
prosecution arising out of the same prosecution are not necessarily in-
consistent and may be joined in one complaint, though they are separate
causes of action, and, under the requirements of the Code of Civil Pro-
cedure, should be separately stated and numbered.
     [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig.
§ 52.*]

2. PLEADING (§ 407*) — SEPARATE CAUSES OF ACTION — FAILURE TO STATE AND
NUMBER SEPARATELY—WAIVER.
     The objection that separate causes of action are not separately stated
and numbered is waived unless presented before trial of the action.
     [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1360; Dec. Dig.
§ 407.*]

3. ARREST (§ 64*)—WITHOUT WARRANT—PRIVATE CITIZENS.
     The arrest by a private citizen without a warrant of another for petit
larceny was unlawful where the crime was not committed within sight
of the citizen making the arrest.
     [Ed. Note.—For other cases, see Arrest, Cent. Dig. § 160; Dec. Dig. §
64.*]

4. FALSE IMPRISONMENT (§ 15*)—JOINT LIABILITY.
     Where authority to arrest plaintiff was within the implied authority
conferred on defendant, a salesman in the employ of a firm, and there was
evidence that the members of the firm approved of the course which he
took, and that one of them was present when he made the charge against
plaintiff and delivered her to an officer, both defendant and such partner
were liable for causing the arrest of plaintiff without a warrant for a
misdemeanor not committed in their presence.
     [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 62;
Dec. Dig. § 15.*]

5. FALSE IMPRISONMENT (§ 15*)—TERMINATION OF LIABILITY.
     Though the original arrest of plaintiff by defendants for a misdemeanor
not committed in their presence was unlawful, their liability for false
arrest and imprisonment terminated with the arraignment or preliminary
hearing of plaintiff before a magistrate, who, as a judicial officer, decided
that the verified complaint sufficiently charged plaintiff with a crime and
duly held her thereon; the imprisonment thereafter being by due process
of law.
     [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 5;
Dec. Dig. § 15.*]

6. APPEAL AND ERROR (§ 171*)—ISSUES IN LOWER COURT—THEORY OF CASE.
     Where it was assumed on the trial that the complaint sufficiently stated
a cause of action both for malicious prosecution and for false arrest and
imprisonment, the question as to its sufficiency was not required to be
passed on on appeal.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1056;
Dec. Dig. § 171.*]

7. MALICIOUS PROSECUTION (§ 64*)—SUFFICIENCY OF EVIDENCE.
     In an action for malicious prosecution, evidence *held* sufficient to sus-
tain a judgment for plaintiff.
     [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §
151; Dec. Dig. § 64 *]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
     118 N.Y.S.—17

Appeal from Trial Term, New York County.

Action by Julia Gearity against Harry Strasbourger and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Emanuel Eschwege, for appellants.

Henry L. Brant, for respondent.

LAUGHLIN, J. This is an action for false arrest and imprisonment and for malicious prosecution. Upon the trial no question was raised with respect to the right of the plaintiff to join the two causes of action, nor was any objection taken to their being combined in one count in the complaint; but after the denial of a motion made by the defendants in the alternative for the dismissal of the complaint, or for the direction of a verdict, and after an adjournment of the court for the purpose of submitting the case to the jury, counsel for the defendants moved that the plaintiff be compelled to elect "whether she is proceeding on the theory of a false imprisonment or malicious prosecution." The court denied the motion, and an exception was duly taken, which is now urged as ground of reversal.

Causes of action for false arrest and imprisonment and for malicious prosecution arising out of the same transaction are not necessarily inconsistent, and may therefore be joined in one complaint. Marks v. Townsend, 97 N. Y. 590. They are, however, separate causes of action, and, in conformity to the requirements of the Code of Civil Procedure, should be separately stated and numbered. That objection, however, is waived unless presented before the trial of the action. The court submitted the case to the jury on a charge, which, taken as a whole, would allow a recovery both for false arrest and imprisonment and for malicious prosecution, but did not point out for the guidance of the jury the distinction between the two causes of action and where liability for the one terminated and for the other commenced, or the difference in the measure of damages in the two classes of actions. The attention of the court does not appear to have been drawn to this omission either by a request to charge or an exception to the charge as delivered. There appears to be, on the facts presented in the record, a cause of action as matter of law against both defendants for falsely arresting and imprisoning the plaintiff, and, on that issue, the only question for the jury would be the assessment of damages. The charge upon which the plaintiff was arrested was a misdemeanor. The arrest was by a citizen, not an officer. The firm of Steinhardt & Strasbourger conducted a department store at the southwesterly corner of Eighty-Sixth street and Third avenue, and the appellant Rosenberg was a salesman in their employ, having charge of the gentlemen's furnishings department and performing other duties in the nature of superintendence, which gave rise to his being spoken of and referred to by the employés as manager. On the 19th day of January, 1906, the plaintiff entered into the store and purchased a spool of silk, for which she paid cash, and which was delivered to her without being wrapped, and which she carried in her hand. According to her testi-

mony, it was her intention after making this purchase to buy a waist, and, with that end in view, she selected one from a table upon which waists were piled, and, there being no saleslady immediately present, she stepped toward the nearest counter with the waist on her arm for the purpose of paying for it, and then discovered that she had lost her pocketbook, which she had had a few minutes before when she paid for the spool of silk; that she turned to look for it on the floor and table, and at about this time she was charged by a saleslady with intending to steal the waist; and that, notwithstanding her explanation as herein recited, the appellant Rosenberg, who had not been present, but was entering the store, and had been summoned, required her to accompany him to an upper floor of the building, and there turned her over to the custody of a police officer, whom he summoned for that purpose. She was then taken before Magistrate Crane in the Magistrate's Court for the First Division, Fifth District, where a formal verified complaint was made against her by Rosenberg, and she was evidently held for trial before the Court of Special Sessions, First Division, for bail was fixed, and she was tried in that court on the 6th day of March thereafter, and acquitted.

The magistrate held the plaintiff in $100 bail, and she was detained in a cell, the location of which is not given in the record. Doubtless this was pursuant to formal commitment made by the magistrate on the preliminary hearing or arraignment after she pleaded not guilty. After having been confined in this cell from 3 o'clock in the afternoon of the day she was arrested, which was Friday, until 7 o'clock in the morning of the following Monday, she was taken in a police wagon with other prisoners to the Tombs, and there detained until 4 o'clock in the afternoon, when she was bailed out. Evidence descriptive of the cells in which plaintiff was confined and of her treatment while in custody including the transfer from one prison to another and her arraignment and trial was received. This bore upon the damages recoverable for malicious prosecution, but not for false arrest and imprisonment, but the court was neither requested to limit it nor to instruct the jury with respect to its bearing on the respective causes of action. If the plaintiff committed the crime of petit larceny, there is no evidence that either of the appellants saw her commit it. The arrest therefore was unlawful. The evidence sufficiently shows that the authority to make the arrest was within the implied, if not express, authority conferred upon the appellant Rosenberg by the firm, and there is evidence that the members of the firm approved of the course which he took, and that one of them was present when he made the charge against the plaintiff, and delivered her to the police officer. Both appellants therefore were liable for causing the arrest of the plaintiff without a warrant for a misdemeanor which was not committed in their presence. Their liability, however, on a cause of action for false arrest and imprisonment, terminated, I think, with the arraignment or preliminary hearing before the magistrate, who as a judicial officer decided that the verified complaint sufficiently charged the plaintiff with a crime, and duly held her thereon, and, as already stated, presumably formally committed her in default of bail, for the imprisonment from that time on was by due process of law, and for it,

although the original arrest was illegal and caused by the appellants, I think they are not responsible in damages in an action for false arrest and imprisonment. Newman v. N. Y., L. E. & W. R. R. Co., 54 Hun, 335, 7 N. Y. Supp. 560; Smith v. B. & F. F. Co., 127 App. Div. 278, 111 N. Y. Supp. 202; Wyatt v. Hill, 71 Vt. 468, 45 Atl. 1044; Nemitz v. Conrad, 22 Or. 164, 29 Pac. 548. See, also, Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 603; Worden v. Davis, 123 App. Div. 193, 108 N. Y. Supp. 221.

It is not questioned but that the complaint charged a cause of action for false arrest and imprisonment, and this evidence relating thereto, submitted to the jury under proper instructions, warranted the verdict for those wrongful acts alone, regardless of whether the cause of action for malicious prosecution was well founded. The court in the main charge only submitted, I think, the question of the liability of the defendants for malicious prosecution, although the nature of the cause of action is not characterized. The jury were instructed that the principal question for them to consider was whether or not Rosenberg acted with probable cause. On the issue of false arrest and imprisonment, there was no question of probable cause; the arrest having been made by a citizen and not by a peace officer. Sections 177 and 183 Code of Criminal Procedure. The facts which in a proper case would bear upon the question of probable cause might become material on the question of exemplary or punitive damages in an action for false arrest and imprisonment, but the court did not leave any question of such damages to the jury. The court did, however, by the charge as made and remarks made in refusing to charge at the close of the charge in chief, clearly leave the question of false arrest and imprisonment to the jury as well as the question of malicious prosecution, but did not instruct the jury with respect to the evidence which bore, and was to be considered, upon each of the causes of action or with respect to limiting the damages for the false arrest and imprisonment to those caused by the acts occurring prior to the commitment by the magistrate. No question, however, in regard was raised by either appellant, and no suggestion was made to the court with respect to further instructing the jury on this point. It was assumed upon the trial, as is manifested by the motion to require the plaintiff to elect, that the complaint sufficiently stated a cause of action both for malicious prosecution and for false arrest and imprisonment. Under the rule, therefore, which confines an appellant to the theory upon which the cause was tried, we are not required to pass upon this question. The verdict is reasonable in amount. It would have been warranted upon either cause of action. The plaintiff had been according to her testimony which the jury were warranted in believing accustomed to trade in this store as often as once or twice a week for five or six years, and she was a woman of mature years and respectability, having been a widow 12 years and having carried on the business of dressmaking in the city of New York for 25 years. It seems that it was a frequent occurrence for employés to make arrests for shoplifting in this store; so much so that the employés had all been instructed on the subject. The jury were justified by the evidence in determining that a reasonable and prudent man would have made further inquiries concerning the alleged crime and the character and reputation of the plaintiff before depriving her of her

liberty and prosecuting her criminally, and therefore the action for malicious prosecution was fairly established.

No exception has been drawn to our attention presenting reversible error, and we are of opinion that the judgment and order should be affirmed, with costs. All concur.