Frank Del Vecchio, J.
This is a motion to dismiss the complaint in an action for false arrest upon the ground that it fails to state a cause of action.
The complaint alleges that at about 2:00 a.m. on August 18, 1954, police officers of the City of Syracuse took plaintiff and others into custody; that the following day a city police officer signed an information charging plaintiff with violation of section 1898-a of the Penal Law and a warrant was issued thereon by the Acting Judge of the Court of Special Sessions.
The plaintiff does not allege that the officers arrested and imprisoned him without warrant, order of commitment or other process. He does allege that he pleaded guilty after arraignment and was sentenced to serve one year in the Onondaga County Penitentiary, from which he was subsequently released on a writ of habeas corpus because the information failed to charge a crime.
Section 1898-a of the Penal Law provides in substance that the presence in an automobile of certain weapons shall be presumptive evidence of illegal possession of all persons in such automobile unless one of the persons possesses a license therefor.
This section does not create a crime. It is obvious that the city officer intended to charge the plaintiff with violation of subdivision 4 of section 1897 of the Penal Law, which provides in substance that a person who has in his possession certain weapons without a license shall be guilty of a misdemeanor.
Whether the arrest by the city officers was lawful or unlawful, the County of Onondaga could not be liable for a false arrest because the police officers were not agents or employees of Onondaga County. (Sanders v. Rolnick, 188 Misc. 627.)
*71 Any liability for false arrest terminated with the arraignment; from that time on the imprisonment was by due process of law and a warrant of commitment issued by the Acting Judge authorized plaintiff’s subsequent confinement and protected the prosecutor and the county from liability, even though the original information failed to charge plaintiff with a crime. (Swart v. Rickard, 148 N. Y. 264; Gearity v. Strasbourger, 133 App. Div. 701.)
The complaint does not allege that the Superintendent of the Onondaga County Penitentiary received and detained plaintiff without an order of commitment nor that the order of commitment issued by the Acting Judge was invalid on its face.
It is well settled that the county could not be held liable for damages for a false imprisonment if the plaintiff was received and detained at the Onondaga County Penitentiary by virtue of a commitment, valid on its face, issued by a court of competent jurisdiction, even though it may have later been determined that the order of commitment was erroneous or improvidently made. Committing officers are obliged to obey an order valid on its face without making inquiry as to whether the judge who issued it had authority to do so. (Warner v. State of New York, 297 N. Y. 395; Douglas v. State of New York, 184 Misc. 441, affd. 269 App. Div. 521, affd. 296 N. Y. 530.)
The essential allegations to sustain a cause of action for false imprisonment are lacking; therefore the complaint is dismissed.
Order accordingly.