■ WILLIAM MOLYNEAUX, Appellant, v. COUNTY OF NASSAU, Respondent, et al., Defendants.— In an action to recover damages for false arrest and imprisonment, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered June 24, 1964 after trial: (1) as set aside the jury's verdict in favor of the plaintiff against defendant County of Nassau and dismissed the complaint as to it on the ground that the notice of claim required by statute (General Municipal Law, § 50-e) was not timely served; (2) as denied plaintiff's motion to reargue a prior motion to dismiss the complaint; and (3) as dismissed the second cause of action as against the County. Judgment, insofar as appealed from, affirmed, without costs. On the afternoon of May 23, 1959, without a warrant, the defendant County's police officer arrested plaintiff on the oral complaint of the defendant Sevilla charging plaintiff with petit larceny. Plaintiff was taken to the precinct house and then to County Police Headquarters, and he was held until bail was furnished at 10 :30 P.M. The next morning

(May 24, 1959), he was arraigned on a formal complaint signed by the defendant Sevilla. Plaintiff then pleaded not guilty and was released on his own recognizance to await trial. On August 20, 1959, after trial in the local Court of Special Sessions, he was acquitted. On September 21, 1959 plaintiff served a notice of claim against the county. After the trial of this action the jury's verdict was in favor of the plaintiff against the county. Thereupon the court granted the county's motion, previously made at the close of the trial, to dismiss the complaint as to it on the ground that the plaintiff's notice of claim was not served upon it within the 90-day period prescribed by the statute (General Municipal Law, § 50-e). The court also vacated the jury's verdict against the county. In our opinion, the liability of the defendant county terminated on May 24, 1959 when plaintiff, on arraignment upon a formal complaint, was held for trial on his own recognizance (*Warner* v. *State of New York*, 297 N. Y. 395, 400; *Gearity* v. *Strasbourger*, 133 App. Div. 701). Hence, the 90-day period within which to serve a claim notice under the statute (General Municipal Law, § 50-e) began to run on May 24, 1959, and the service of such notice on September 21, 1959 was untimely. Beldock, P. J., Kleinfeld, Brennan and Hill, JJ., concur; Ughetta, J., dissents in part and votes to reverse the judgment insofar as it dismissed the complaint against the county; to sever the action as against it; and, as to the County and the plaintiff, to grant a new trial limited to the issue of damages only, with the following memorandum: I think that the cases cited by the majority (*Warner* v. *State of New York, supra*; *Gearity* v. *Strasbourger, supra*), as well as the case of *Durante* v. *County of Onondaga* (3 Misc 2d 69), articulate a rule governing the measure of damages only. The period of detention following arraignment is lawful; and for such post-arraignment detention, the County is not liable. In both *Gearity* and *Warner* (*supra*) the defendants were held liable for the detention which had occurred *prior* to the commitment order. In *Warner*, the State had also raised the defense of late notice of claim (see 189 Misc. 51, 55), since the notice apparently had been filed more than 90 days after the commitment order. The Court of Appeals nevertheless held (297 N. Y. 395, 400) that Warner could recover for the period of his detention *prior* to the commitment order. The common-sense value of such a rule is clear. The victims of illegal arrests and unlawful commitments are frequently the poor and the illiterate, unaware of their rights and without funds to pursue them. Their incarceration usually extends more than 90 days beyond the formal arraignment or the valid commitment order. To release the governmental unit from liability for the period of detention occurring after a valid arraignment or commitment order is one matter, but to eliminate the claim entirely is quite another. Accordingly, I would reverse the judgment insofar as it dismissed the complaint against the county; sever the action as against the county; and, as between it and the plaintiff, grant a new trial solely on the issue of damages.