## SECOND DEPARTMENT, MAY, 1966

### (May 2, 1966)

■ SANTO CAMINITO, Respondent-Appellant, v. CITY OF NEW YORK, Appellant-Respondent.— In an action to recover damages *inter alia* for false arrest, false imprisonment and malicious prosecution, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, entered March 12, 1965: 1. Defendant appeals from so much of the order as (a) granted plaintiff's motion for summary judgment as to that part of the first cause of action (for false arrest and false imprisonment) which pertains to the period from plaintff's original detention to his arraignment and severed the action as to the remaining issues in the action; and (b) referred the following issues to the court on the trial of the remaining issues: the damages on said part of the first cause of action and the timeliness of the service of plaintiff's notice of claim and of the commencement of the action. 2. Plaintiff appeals from so much of the order as denied his motion for summary judgment as to (a) that part of the first cause of action which pertains to the period between his arraignment and the dismissal of the indictment; and (b) the second cause of action (for malicious prosecution). On plaintiff's appeal, order affirmed insofar as appealed from, without costs. On defendant's appeal, order modified by striking out its first four decretal paragraphs, by substituting therefor a **provision granting summary judgment to defendant**, dismissing the complaint, and by providing in the fifth ordering paragraph that plaintiff's motion is denied in all respects. As so modified, order affirmed insofar as appealed from, without costs. Plaintiff was detained on May 11, 1941 for questioning in con-

nection with a fatal shooting on February 16, 1941. He confessed guilt therein on May 12, 1941, was placed under formal arrest on May 13, 1941, was arraigned later that day and indicted on June 11, 1941. He was convicted of murder in the first degree, after trial, and on March 2, 1942, was sentenced to life imprisonment. The judgment of conviction was affirmed (*People* v. *Caminito*, 265 App. Div. 960, affd. 291 N. Y. 541, mot. for rearg. den. 297 N. Y. 882, 307 N. Y. 686; cert. den. 348 U. S. 839). In 1955 plaintiff was released on bail on a Federal writ of habeas corpus, after a determination that his confession, introduced in evidence at the trial, had been obtained in violation of his constitutional rights (*United States ex rel. Caminito* v. *Murphy*, 222 F. 2d 698, cert. den. 350 U. S. 896). Plaintiff's subsequent motion to dismiss the indictment was granted, but on appeal the order of dismissal was reversed and the motion denied (4 A D 2d 697, affd. 3 N Y 2d 596). However, the indictment was subsequently dismissed on May 1, 1963 on the People's motion. Plaintiff's notice of claim for damages for false arrest, false imprisonment and malicious prosecution was served on July 16, 1963. This action was commenced on December 7, 1963. In our opinion, defendant is not liable for false imprisonment for the period of confinement following arraignment (*Marks* v. *Townsend*, 97 N. Y. 590; *Fischer* v. *Langbein*, 103 N. Y. 84; *Warner* v. *State of New York*, 297 N. Y. 395; *Molyneaux* v. *County of Nassau*, 22 A D 2d 954, affd. 16 N Y 2d 663). Plaintiff's claim with respect to the period prior to arraignment arose on the day of arraignment, May 13, 1941. In our opinion, however, the 90-day period under section 50-e of the General Municipal Law within which to give notice of claim commenced running on the day of plaintiff's *release* from actual physical confinement in 1955. The notice of claim therefore was untimely and the cause for false imprisonment is barred (*Molyneaux* v. *County of Nassau*, *supra*; *Schildhaus* v. *City of New York*, 23 A D 2d 409; *Warner* v. *State of New York*, *supra*). With regard to the cause of action for malicious prosecution, we are of the opinion that plaintiff has not shown any facts to overcome the presumption of probable cause created by the indictment and conviction. In an action for malicious prosecution an indictment by a Grand Jury constitutes prima facie evidence of probable cause which may be overcome only by proof that a complete or truthful disclosure was not made to the Grand Jury (*Hopkinson* v. *Lehigh Val. R. R. Co.*, 249 N. Y. 296) and a conviction establishes prima facie probable cause for the prosecution unless plaintiff can show that the judgment was obtained by fraud, perjury, conspiracy or other undue means (*Simmonds* v. *Sowers*, 253 App. Div. 819). Plaintiff has not made any such requisite showing. The indictment was upheld by the Court of Appeals. The conviction was obtained after trial at which all the facts surrounding the obtaining of the confession were revealed. A determination, 14 years after judgment, that plaintiff's constitutional rights were violated, is insufficient to expose defendant to an action for malicious prosecution for a proceeding which was properly conducted with probable cause under then-existing State law. There is also a failure to show malice. We are urged to infer malice on the premise of a lack of probable cause, but, as above indicated, such premise is not justified. These two essential elements of a cause for malicious prosecution being absent, such cause here must fail. As to the third and fourth causes of action, we dismiss them in conformity with the opinion of the Special Term that they add nothing to the complaint (45 Misc 2d 241, 243, 253). Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hopkins, J., concurs, except that he concurs only in the result with respect to the dismissal of the second cause of action (for malicious prosecution), being of the opinion that probable cause was established

when the indictment was upheld by the State courts (*People* v. *Caminito*, 4 A D 2d 697, affd. 3 N Y 2d 596), even after the confession on which the indictment was based was held inadmissible by the Federal court (*United States ex rel. Caminito* v. *Murphy*, 222 F. 2d 698, cert. den. 350 U. S. 896).