■ RAYMOND COLLINS, Appellant, v DETECTIVE McMILLAN et al., Respondents. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated March 28, 1983, which denied the application. ¶ Order modified, on the law, by (1) deleting therefrom the provision which denied the application insofar as it sought leave to serve a late notice of claim with regard to the tort of false imprisonment and (2) substituting therefor a provision holding that the tort of false imprisonment, as alleged by petitioner in his notice of claim, did not accrue until February 2, 1983, and that the application for leave to serve a late notice of claim with respect to the tort of false imprisonment was premature. As so modified, order affirmed, without costs or disbursements, and the notice of claim with regard to false imprisonment is deemed timely served. ¶ Petitioner was arrested on January 16, 1982 and incarcerated from that date until

February 2, 1983 when he was acquitted of the charges lodged against him. It has been held that the tort of false imprisonment accrues when the confinement terminates (*Boose v City of Rochester,* 71 AD2d 59, 65; *Caminito v City of New York,* 25 AD2d 848, 849, affd 19 NY2d 931). Since petitioner was not released from incarceration on the instant criminal charges until February 2, 1983, the 90-day period to serve a notice of claim had not expired at the time of his application to serve a late notice of claim which was initiated on or about February 10, 1983. Accordingly, Special Term, in its order dated March 28, 1983, should have held that the application to serve a late notice of claim with regard to the tort of false imprisonment as alleged by petitioner in his notice of claim was premature. The order appealed from has therefore been modified accordingly. Furthermore, the notice of claim with respect to false imprisonment is deemed timely served. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.