■ EDMOND JACKSON, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.—In an action to recover damages for false imprisonment, false arrest and violation of the plaintiff's civil rights pursuant to 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated August 27, 1984, as denied his motion for summary judgment and granted the defendant's cross motion for summary judgment to the extent of dismissing the cause of action for false imprisonment.

Order affirmed, insofar as appealed from, with costs.

The plaintiff was arrested on or about July 13, 1970, by Detective Cash and Detective Cannon, for allegedly committing attempted robbery, murder, felony murder and possession of a weapon, at a bar in Queens. The detectives escorted the plaintiff to the 103rd Precinct where he was identified by each of four eyewitnesses to the crime. The plaintiff was eventually tried, convicted and sentenced. This court and the Court of Appeals affirmed his conviction without opinion *(see, People v Jackson,* 40 AD2d 1081, *affd* 35 NY2d 856).

The plaintiff subsequently brought a petition for a writ of Federal habeas corpus in the United States District Court for the Southern District of New York. That court, in a decision by Judge Broderick, subsequently affirmed by the United States Court of Appeals for the Second Circuit, granted the petition *(see, Jackson v Fogg,* 465 F Supp 177, *affd* 589 F2d 108). In the District Court decision, Judge Broderick found that the pretrial identification procedures employed were unduly suggestive and therefore gave rise " 'to a very substantial likelihood of irreparable misidentification' " *(Jackson v Fogg, supra,* at p 188, quoting *Simmons v United States,* 390 US 377, 384). The Second Circuit affirmed, noting that the findings of the District Court were fully supported by the record, and "the likelihood of misidentification * * * was sufficiently great to make the use of [the eyewitnesses'] trial identifications of [the plaintiff] a denial of due process" *(Jackson v Fogg, supra,* at p 111).

The plaintiff was conditionally released on an appearance bond on December 22, 1978. As the State did not retry the plaintiff, Judge Broderick, by order dated April 6, 1979, declared that the convictions were "null and void". The plaintiff thereafter filed a notice of claim on or about July 3, 1979 and instituted this action on October 19, 1979.

In a prior appeal in the instant action, this court granted

leave to amend the notice of claim, "setting forth the specific locations of the initial arrest and the institutions in which [he] was incarcerated" *(Jackson v Police Dept.,* 86 AD2d 860). However, this court added in obiter dicta that, "[t]he original notice of claim * * * was timely served" *(Jackson v Police Dept., supra).*

We agree with Special Term that the issue of timeliness was not raised in the prior appeal. A cause of action for the tort of false imprisonment accrues as of the date of the prisoner's release from confinement *(see, Collins v McMillan,* 102 AD2d 860, 861; *Boose v City of Rochester,* 71 AD2d 59, 65; *Caminito v City of New York,* 25 AD2d 848, 849, *affd* 19 NY2d 931; *Molyneaux v County of Nassau,* 22 AD2d 954, *affd* 16 NY2d 663). As the plaintiff was released on December 22, 1978, the 90-day period for filing a notice of claim for a cause of action alleging false imprisonment commenced on that day. Therefore, the notice of claim filed on July 3, 1979 was untimely filed *(see, Collins v McMillan, supra; Boose v City of Rochester, supra).* Moreover, we reject the plaintiff's claim that the defendants' failure to raise the timeliness issue, in the prior appeal, estops them from raising the issue herein. The defendants may contest the timeliness issue since service of a legally sufficient notice of claim is deemed an indispensable element of the substantive cause of action *(see, Mojica v New York City Tr. Auth.,* 117 AD2d 722; *Saler v City of New York,* 96 AD2d 583, 584).

The plaintiff further asserts that the defendants are collaterally estopped from contesting the issue of probable cause with respect to the initial arrest and detention of the plaintiff by Detective Cash and Detective Cannon. Suffice it to say that the issue of probable cause was not decided by the Federal courts *(see, Jackson v Fogg,* 465 F Supp 177, *affd* 589 F2d 108, *supra).* Therefore, since the issue decided in the prior proceeding was not identical to the issue as to which preclusion is sought in the instant proceeding, collateral estoppel does not apply *(see, Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, 502-503). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.