Frederick L. KRUMHOLTZ, as Trustee of the Lakeside Amusement Park Company, a bankrupt, Appellant,

v.

Danny POTEET, a minor, by James Poteet, his father and next friend, Appellee.

No. 13014.

United States Court of Appeals
Sixth Circuit.

April 19, 1957.

William H. Selva, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on the brief, for appellant.

Samuel A. McCray, Dayton, Ohio, for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal by the Trustee in Bankruptcy of the Lakeside Amusement Park Company from a judgment for $22,500 entered on the verdict of a jury in favor of Danny Poteet. The

appellee was about ten and one-half years old at the time he was seriously injured while attempting to run up a moving "Magic Carpet" on which, a short time before his injury, he had ridden down in the usual manner.

The jury returned a general verdict in favor of the plaintiff-appellee, and also answered in the negative a special interrogatory asking whether or not at the time of the accident the boy knew that it was improper to run up the Magic Carpet. The jury also answered, in reply to another special interrogatory, that the plaintiff did not fail to exercise that degree of care which children of the same age, education and experience, or ordinary care and prudence, are accustomed to exercise under the same or similar circumstances.

While there was sharp conflict in the testimony, we think there was substantial evidence to support the proposition that the accident and injury were the proximate results of the operation of the amusement device, in the failure of defendant to have present an operator at the bottom of the device to control the speed and movement of the belt on which the customers were carried or to direct the customers to leave the moving Carpet at the conclusion of the ride, or to instruct customers not to run up the moving belt. We think, moreover, that the jury had substantial evidence on which to find that the plaintiff was free from contributory negligence in the slightest degree.

There was proof to show that the youngster had ridden the Magic Carpet for the first time only a few minutes before his injury and that he was unfamiliar with it; that he had seen other boys attempting to climb up the moving belt and that, even after being thrown down, those boys had come up laughing. This observation could well be said to be alluring to the young plaintiff, causing him to believe that it would be sport to run up the moving belt. The jury was justified in finding also that the injured youth was not conscious of danger to himself in attempting to ascend the moving belt.

United States District Judge Cecil delivered a model charge, constituting careful, clear and correct instructions in the presentation of applicable law. He charged the jury, *inter alia*, that if it should be found that the defendant was negligent and that the plaintiff was also negligent in the slightest degree, and that the combined negligence of plaintiff and defendant was the proximate cause of the injury, the plaintiff could not recover and the verdict should be for the defendant.

There being substantial evidence to support the verdict of the jury on which the judgment was based and no error appearing in the ruling or the charge of the court, the judgment is affirmed.