Richard S. Heller, J.
On June 24, 1956, Sheila Rose Feit, aged nine, accompanied her parents on a picnic to Hempstead Lake State Park, Nassau County, New York. Some time after noon of that day, Sheila, together with a girl friend, Sherry, bought tickets for the motor-driven merry-go-round operated by and under the control of employees of the Hempstead Lake State Park. An accident occurred when Sheila left the merry-go-round. As a result, her left wrist had two bone fractures and a separation of the epiphyses at the lower end of the left radius with dorsal displacement.
There are two stories as to how the accident happened, one by Sheila and her friend Sherry, the other by the attendant of the merry-go-round. Sheila testified that as she was leaving the merry-go-round, after it had stopped, it suddenly started again without warning; that she fell upon Sherry, who had also fallen; and that her left arm was caught under Sherry producing the injury. Sherry corroborates this version in detail.
The attendant testified that the two girls were standing near the outer edge of the machine; that as he approached to ask them to be seated they jumped and fell down; and that the injury was caused by their own actions. The merry-go-round was going full speed when the girls jumped and both fell on their hands and knees according to the attendant.
Where both stories seem to be credible the court has resolved this disparity on the physical features as found. The floor surrounding the merry-go-round was concrete. If the girls had jumped when the merry-go-round was at full speed and had fallen on their hands and knees, surely the force would have produced an abrasion or cut of some sort. The testimony in this case reveals no scratches, no abrasions, no cuts, only a fractured left wrist.
The State is under an obligation of due care in the operation and supervision of equipment under its control. (Ross v. State of New York, 283 App. Div. 834.) The degree of care herein is that which is reasonable under all the circumstances and the operation of a moving carousel with children as its paying guests implies a care that is commensurate with the risks and obligations. It is the opinion of the court that the defendants have not shown the care necessary and that they were negligent. The court further finds that Sheila Rose Feit was not guilty of contributory negligence.
*540 The testimony of the attending surgeon indicates that a good recovery has been made. There seems to be no permanency. Recovery took about six weeks after an overnight stay at the hospital.
Claimant, Sheila Rose Feit, an infant, by her guardian ad litem, Philip Feit, is entitled to an award in the sum of $2,400 for her injuries, past, present and future, and for pain and suffering. Claimant, Philip Feit, is entitled to an award in the sum of $282 for disbursements made for medical service.
The foregoing is the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.