PEDRO FLORES FLORES, Plaintiff and Appellant, v. JUAN PIZARRO CORDERO ET AL., Defendants and Appellees.

No. R-62-248.     Decided May 12, 1964.

_____

376

Nachman & Feldstein for appellant. Benjamín Ortíz for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A minor, represented by his father, sued the owner of an amusement device of those which are annually installed throughout the towns of the Island to celebrate our traditional patronal festivals. At the time of the accident which gave rise to this action plaintiff was 13 years old. He paid the admission fare before boarding the revolving device. While enjoying the amusement he sustained injuries on the right arm, on the region between the shoulder and the elbow. Plaintiff testified that when he boarded the device he sat down, and after several rounds his arm got caught in a screw which projected from the fence surrounding the device.

The trial judge rejected this version of the accident. He was of the opinion that the accident had occurred in the manner described by the defense witnesses. The latter place

plaintiff in the amusement device and admit that he sustained injuries on the right arm. However, they assert that when the boy boarded the device "he was so excited . . . that he started to jump in the car and to put out his hand. Then, as it revolved the second time, he tried to stand up and hit himself with the fence," and that ". . . he put out his hands and stood up in the car" and "scraped himself with the fence."

Is the operator of an amusement device responsible in a situation such as this?

■ ■ The operation and functioning of devices such as the one herein requires the owner or operator thereof to exercise a high degree of care and diligence in their handling and supervision. It is his duty to take precautions for the safety of his patrons. The precautions to be taken should be commensurate with the unusual risks to which the patrons may be exposed. *Tennessee State Fair Ass'n* v. *Hartman,* 183 S.W. 735 (Tenn. 1916); *Gromousky* v. *Ingersol,* 241 S.W.2d 60 (Mo. 1951); *Styburski* v. *Riverview Park Co.,* 18 N.E.2d 92 (Ill. 1938); Annot., 86 A.L.R.2d 350, 355 (1962). This norm carries greater force when children patronize these devices. *New Bay Shore Corp.* v. *Lewis,* 69 S.E.2d 325, 326 (Va. 1952); *Feit* v. *State,* 182 N.Y.S.2d 528 (1959).

■ ■ In the instant case the witnesses produced by defendants, who were their own employees, testified that plaintiff started to jump and to move about inside the car occupied by him when he boarded the device. We have seen that one of these employees testified that "he put out his hands and stood up in the car." An operator of amusement devices certainly cannot permit a child to act in that fashion without adopting measures to prevent it. The fact that the minor acted negligently does not relieve the operator from his duty to look after his safety. It was his duty to call the child's attention, and if he did not obey, to stop the device and order

him to get off.' The operators of these devices should maintain at all times adequate supervision to look after the safety of minors. Defendants were negligent in failing to do so. *Krumholtz* v. *Poteet*, 243 F.2d 692 (6th Cir. 1957); *Davidson* v. *Long Beach Pleasure Pier Co.*, 221. P.2d 1005 (Cal. 1950). Furthermore, it is evident that the fence was at a short distance from the device, for otherwise plaintiff would not have suffered the injuries on his arm. Defendants were indeed negligent in maintaining the fence at such a short distance from the device.

■ Defendants' liability having been established, let us consider the indemnity to be awarded. Plaintiff sustained injuries on the right arm between the shoulder and the elbow. It was necessary to take eighteen stitches and some scars were left. We have said that plaintiff was negligent in acting in the manner he did while the device was in motion. This circumstance entails the reduction of the indemnity. Taking into consideration his age and the fact that he evidently knew of the danger which his action entailed—he had sustained a similar accident prior thereto—an indemnity of $800 is reasonable.

The judgment rendered by the Superior Court, San Juan Part, on August 23, 1962, will be reversed and another rendered in the terms stated.