Fred J. Munder, J.
In this action the complaint alleges that on June 28, 1964 the plaintiffs and their deceased daughter Deborah were passengers in a gondola of a ferris wheel owned and operated by the defendants. During the ride the gondola overturned and they were thrown out. As a result the child sustained injuries from which she died. Her parents were injured.
The complaint, verified by an attorney associated with the plaintiffs’ attorney on July 17, 1964, was served with the summons on July 25, 1964. This motion to dismiss seven of the causes of action alleged in the complaint was served on August 10, 1964, returnable on September 3, 1964, and was finally submitted to the court on January 18, 1965.
One branch of the motion seeks the dismissal of the third, fourth, eighth and ninth causes of action on the ground that at the time of the institution of the action Robert Shaw lacked legal capacity to sue as administrator of the goods, chattels and credits of Deborah Shaw, deceased, and no person with legal capacity to sue had been appointed.
It is alleged in the complaint that ‘1 [h] eretofore plaintiff was duly appointed administrator of the goods, chattels and credits of Deborah Shaw, deceased, by the Surrogate’s Court of Suffolk County, and duly qualified thereunder In a supporting affi *494 davit by one of the defendants’ attorneys, it is stated that at the date of the commencement of the action (July 25,1964) “ Robert Shaw was not appointed Administrator of Deborah Shaw’s Estate”. The plaintiffs’ attorney made no reply to that affidavit. The fact, as revealed by the records of the Surrogate’s Court of Suffolk County, is that on July 27,1964, two days after the commencement of this action, Robert Shaw was granted limited letters of administration of the goods, chattels and credits of Deborah Shaw, deceased, and he still is such administrator.
Much as I would like to avoid the seemingly unnecessary reinstitution of the action predicated on the death of the child, Deborah, by employing the generous philosophy of the CPLR, particularly 104, 2001 and 3026, I find in respect to this statutory cause of action for negligently causing the death of a person that the cause of action did not arise until the personal representative of the deceased had been appointed and qualified. (Boffe v. Consolidated Tel. & Elec. Subway Co., 171 App. Div. 392; Smith v. New York Cent. R. R. Co., 183 App. Div. 478; Rosenberg v. Caban, 20 A D 2d 909; Davis v. State of New York, 22 A D 2d 733.) This, then, is not a mere irregularity that may be corrected but one of substance that leaves the court without jurisdiction of the action. These causes of action are dismissed without prejudice.
The second branch of the motion relates to the .sixth, seventh, eighth, ninth and tenth causes of action, two of which, the eighth and ninth, 'also being affected by the first branch of the motion. In these causes of action the plaintiffs seek a recovery on the theory of breach of warranty, alleging that the defendants “ represented and warranted the ferris wheel was fit for and in a fit condition for the use for which it was intended; was not inherently dangerous; contained no hidden or latent or other defects ; was of good and merchantable quality; and had been properly and carefully installed and serviced ’ ’ and that they relied on such representations which, they allege, were false.
The defendants move to dismiss these warranty causes of action for the reason that the action sounds in negligence and not upon a warranty; that warranties arise only in connection with the sale or bailment of goods. Covello v. State of New York (17 Misc 2d 637) is cited by defendants as exemplifying the farthest the courts have gone in the extension of liability for breach of warranty. In that case Judge Del G-ionrro of the Court of Claims applied the doctrine to the rental of skates at a skating rink, following Hoistmg Engine Sales Co. v. Hart (237 N. Y. 30, 36) in which the court said: “By, analogy there is an implied *495 warranty in the hiring or bailment of certain kinds of property.”
In the instant case there was neither hiring nor bailment. The plaintiffs, for a fee, purchased a ride on a ferris wheel. They had neither exclusive possession nor any control of the instrumentality.
To support their position the plaintiffs cite 3 N. Y. Jur. 89, Amusements, § 25, and the. case of Feit v. State of New York (15 Misc 2d 538). Quoting part of a sentence from New York Jurisprudence (vol. 3, p. 89) plaintiffs’ counsel argues that it indicates a further development of the warranty theory and that it encompasses the instant situation. The full sentence reads: “Owners and operators of public amusements are not insurers of their patrons’ safety, but they are under the legal duty to their invitees to exercise due care, commensurate with the circumstances, to put and maintain their premises and instrumentalities, and all parts thereof to which persons lawfully present may go, in a safe condition for the uses for which they are intended and designed.”
I read this language as relating to a standard of care to be exercised and that is the basis of a negligence action. I find, too, that the Feit case was a negligence case based on the failure to exercise due care in the operation and maintenance of a merry-go-round.
The allegation of two distinct and different theories in separate causes of action, one only of which is tenable, does not require that the whole complaint be sustained. Here I find the negligence causes of action maintainable but the causes of action founded on warranty untenable and that they must be dismissed.
The motion to dismiss is granted except that with respect to the third and fourth causes of action the dismissal is without prejudice.