■   HOWARD PARSONS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 45043.) — HERLIHY, J.   Appeal by the claimant from a judgment of the Court of Claims which dismissed his claim. The claimant proved that he was a business invitee on the defendant's ship; that the State had complete and exclusive control of the ship and a gangplank leading from the dock area to the ship; that as claimant was leaving the ship via the gangplank a slat thereon broke and his right leg fell through causing him injuries. After proving these facts the claimant rested and the State moved to dismiss the claim on the ground of failure to prove a cause of action. The court reserved decision and thereafter the State rested without offering any proof. The trial court held that *res ipsa loquitur* did not apply to the above facts. The court held that the claimant "neither showed that the gangplank was dangerous nor that the State knew or should have known in the exercise of reasonable care that it was dangerous". The factual situation is a classic example for the application of the doctrine of *res ipsa loquitur*. On this record it is undisputed that the State had exclusive control of the gangplank and common experience shows that an accident of the character in question would not have happened unless there was negligence in the operation and control of the same. This case falls within the principles enunciated in *George Foltis, Inc.* v. *City of New York* (287 N. Y. 108). In the case of *Dittiger* v. *Isal Realty Corp.* (290 N. Y. 492, 496) the decision of the court implies that notice of the defect may also be inferred under *res ipsa loquitur* and, accordingly, the appellant herein did not have to offer proof of actual or constructive notice. The doctrine of *res ipsa loquitur* raises an inference of negligence which the defendant may counter with evidence related to the instrument which caused the accident. (See, also, *Baskevich* v. *State of New York*, 22 A D 2d 751.) In the present case the defendant offered no proof and the record

contains nothing to weaken the inference of negligence. The trial court erred in finding *res ipsa loquitur* inapplicable. We find that as to the claimant a prima facie case of negligence under the doctrine of *res ipsa loquitur* has been established. However, under the circumstances, the State should be given the opportunity of offering proof to rebut the presumption, if possible. The rationale of the court's decision is erroneous and there being no findings of fact or conclusions of law, the judgment must be reversed. The court's dismissal of the alleged cause of action based on a breach of warranty of seaworthiness is affirmed. There is no such allegation of liability in the claim or in the bill of particulars, but in any event on this record there is a failure of proof as to any such contention. Judgment reversed, on the law and the facts, and a new trial ordered with costs to appellant. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.