■ Frazier Hatch, Respondent, v. Charles King, Appellant. (Action No. 1.) — Judgment unanimously reversed on the law and facts and a new trial granted on the question of liability only, with costs to abide the event. Memorandum: Plaintiffs have recovered judgments in these three actions against defendant King, as owner, and defendant Norman, as driver, of an automobile which struck plaintiff Roberson's vehicle, in which plaintiffs Hatch and Williams were passengers. The plaintiff's automobile was struck in the rear while it was parked. The defendants were not present at trial and the only testimony offered by them was a portion of defendant-owner King's examination before trial bearing on the issue of permission to drive his automobile. The trial court, at the close of all the evidence, directed a verdict on the issue of liability in favor of all three plaintiffs against both defendants and submitted only the issues of permission and damage to the jury. The amounts of the verdicts are not excessive and the only issue with which we are concerned is the court's direction of verdicts on the liability issue. The sole question is whether, in a *res ipsa loquitur* set of facts, where the plaintiff makes out a prima facie case of negligence and defendant offers no evidence whatsoever, the jury should be given the opportunity to determine the issue of negligence. We concur with the answer to this question found in *Lo Piccolo* v. *Knight of Rest Prods. Corp.* (7 A D 2ᵈ 369) where the court stated at page 374: " But, even assuming that plaintiff had established a prima facie case based on *res ipsa loquitur*, it would not have provided such proof of defendant's negligence which a jury, in the absence of rebuttal, was bound to accept. At best, plaintiff was relying upon proof which, it might be argued, a jury was entitled to accept in drawing an inference of negligence. It is now well settled in this State, and in most of the jurisdictions of the country, that, under such circumstances, the jury is not bound to make the inference of negligence, even if the defendant offers no countervailing proof. The rule was definitively laid down in the leading case of *George Foltis, Inc.* v. *City of New York* (287 N. Y. 108), settling considerable confusion among the precedents which then obtained in this State. The history and analysis of the rule have been exhaustively stated by Prosser (Prosser, Torts [2d ed.], § 43)." (See also *Gerard* v. *Inglese*, 11 A. D 2d 381, 382; *Braun* v. *Consolidated Edison Co. of N. Y.*, 31 A D 2d 165, 169.) Inasmuch as the jury properly determined the issue of permission and the amounts to be awarded each of the plaintiffs the new trial should be limited solely to the jury's determination of the question of liability. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.