■ ELAINE BENSON et al., Respondents, v. BOHACK FOOD MARKETS, Appellant.— In an action to recover damages for personal injuries, medical expenses and loss of services, defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated May 16, 1969 and made after a jury trial on the issues of liability only, which determined said issues in favor of plaintiffs upon the trial court's granting of plaintiffs' motion for judgment. Interlocutory judgment reversed, on the law, and new trial granted, limited to the issues of liability, with costs to abide the event. No questions of fact have been considered. The female plaintiff testified that she was injured when, as she reached to take a package of soda from a shelf in defendant's retail supermarket, a bottle which was lying on a shelf exploded, sending fragments of glass into her leg. Defendant's assistant manager testified that the injured plaintiff told him that when she reached for a bottle it hit the floor and crashed. In the accident report which he filled out after the accident he stated that that plaintiff went to pick up a bottle and it exploded. Plaintiffs relied on the doctrine of *res ipsa loquitur* to establish defendant's negligence. At the close of the case the trial court directed judgment for plaintiffs. Clearly, the testimony created an issue of fact as to how the accident had occurred. Furthermore, we are of the opinion that, while the doctrine of *res ipsa loquitur* may be applicable to the facts of this case, it was error to take the case away from the jury. That doctrine permits the jury to infer negligence upon certain facts; however, the jury is not required to make the inference (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 118). Accordingly, the trial court should have permitted the case to go to the jury upon appropriate instructions as to the doctrine. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.