Joseph Modugno, J.
This claim for personal injuries, in the amount of $1,500,000 was tried ¡before, this court on October 17, 1974. The trial was limited solely to the question of liability by order of the Honorable Johh P. Gttaltieri, dated October 19, 1972.
On August 15, 1970 the claimants purchased tickets to ride the gondola lift located at the Gore Mountain Ski Area owned ■and operated by the State of New York. After .sightseeing at the top of the mountain, they boarded the lift for the return trip. During the course of their descent, the .gondola ears they were riding fell from their support cables, swung wildly and struck the ground several times. The lift was stopped and a rescue party was dispatched. Subsequently thereto the claimants were evacuated by ladder and transported down the mountain. They were examined by a .physician and sent to ■the Glens Halls Hospital where they were treated and released the same day. It was later determined that the accident was *106 caused by the fracture of a high-strength bolt used to fasten the walking beam assembly to the itower.
The claimants relied upon dual (theories of proof, namely, res ipsa loquitur land breach of contract. The court will deal with each in succession.
Unquestionably, the State owed the claimants the duty of maintaining the gondola lift in ia .reasonably safe operating condition (Coger v. State of New York, 23 A D 2d 935); however, the .State was not .an insurer or guarantor of their safety. While the doctrine of res ipsa loquitur was applicable in this case, the claimants ¡still had the burden of proving ithe State’s negligence by a fair preponderance of all the evidence. The res ipsa doctrine merely establishes a prima facie case from which an inference of negligence may be drawn. However, that inference can he .overcome by a defendant if he chooses to come forward with evidence explaining the accident and disproving the 'alleged negligence. If a satisfactory explanation is offered by .the defendant, the claimant must rebut it by evidence of negligence or lose his case.
In an attempt to overcome the inference of negligence, the State .produced four witnesses. Mr. Richard Brennan, superintendent of the Gore Mountain Ski Area, testified that the lift had been inspected, .approved 'and certified by the Labor Department as required by law. He indicated that the lift was inspected on .a daily basis. Said inspections included a test of all safety systems, an examination of each tower and an examination of the cable. Such an inspection was conducted on August 15, 1970, the date of the accident.
Mr. Louis M. Ooncra, Jr., the Chief of the Bureau of General Engineering, Department of Environmental Conservation, stated that the .gondola lift met all known engineering standards and that the lift had been built and designed by private contractors who were aided by -State-hired independent consultant engineers with previous .ski lift experience.
Mr. David Kipp, Safety Inspector for the Department of Labor, indicated (that he was the inspector who examined the Gore Mountain lift and had certified it as meeting the Department of Labor .standards. Said certification was given on June 30, 1970. He unequivocally stated that the lift had passed all tests required by the Labor Department.
Finally, Mr. Warren G. Alexander, an engineer with the Department ¡of Transportation and .an expert on metals and ■fractures of metals, testified that the accident occurred as the *107 result of a fracture of a high-strength bolt. It was his conclusion that the delayed fracture was caused by 'atmospheric conditions, over-tightening of the bol't and hardening of the bolt to its outer limits or beyond specifications. Furthermore, Mr. Alexander indicated that the possibility of this type of failure was not known when the Gore Mountain lift was designed land built and is not generally recognized as a problem even today. He concluded his testimony by indicating that accepted testing procedures iand inspections would not have uncovered this failure and that it was a type of failure which could not be anticipated or foreseen.
Based on the testimony iof these four witnesses, it is the court’s conclusion that the State met its duty of reasonable care. The State did everything within its power to insure the safety of those people using the lift. Therefore, it would be unconscionable to hold the State liable for a latent defect which skill, care or foresight could not discover.
Prior to the .change in the law (see Transportation Law, § 2, subd. 7), the State would have been considered a common carrier. Yet even as .a common carrier, the State could not be held liable for this unfortunate accident since common carriers are not liable for undiscoverable latent defects in their equipment. (Palmer v. President, etc., of Delaware & Hudson Canal Co., 120 N. Y. 170; Marlatt v. Erie R. R. Co., 154 App. Div. 388.)
When the State produced its four witnesses it provided the court with a satisfactory explanation .of the accident and dispelled any inference of negligence on its part. The claimants chose not to rebut that explanation and by so doing failed to sustain their burden of proof.
Similarly the claimants’ breach of contract action must fail. That action is necessarily based .on the breach of an implied warranty of fitness. Yet, the Appellate Division, Second Department, held in Shaw v. Fairyland at Harvey’s (45 Misc 2d 493, affd. 26 A D 2d 576) that an implied warranty of fitness is restricted as a basis of liability to the manufacture, sale or transfer of objects .as distinguished from an abstract right to occupy an amusement device. There the court said that the exclusive duty of the owner and operator of an amusement device was to exercise due care.
The findings of the court in the Shaw case are applicable to the case at bar and accordingly the cause of action for breach of contract must be dismissed.
In conclusion this court feels that the claimants may have a meritorious claim against the manufacturer of the lift based *108 on .an implied warranty of fitness. (See Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432.) But said claim is beyond the jurisdiction of this court.
The State’s motions for dismissal are hereby granted.