■ MADELINE BAUMANN et al., Appellants, v LONG ISLAND RAILROAD, Respondent.

Madeline Baumann (hereinafter plaintiff) was injured when a railroad crossing gate arm, located at the grade crossing of defendant's tracks and the William Floyd Parkway in Shirley, broke off its hinges and fell on top of her while she was walking across the tracks. Apparently, the accident occurred when a shear pin in the crossing gate broke. Relying on the doctrine of res ipsa loquitur to establish the defendant's negligence, plain-tiff and witnesses to the accident testified at trial as to the circumstances surrounding the accident. No further testimony or evidence was offered by plaintiff to support her claim.

Defendant produced testimony showing that each crossing mechanism was subjected to periodic inspections and that the

crossing gate in question had been inspected four days prior to the date of the accident. The routine monthly inspections involved dropping the test switch, testing the up and down motion of the gate, measuring the A.C. and D.C. currents and visually checking all the lamps. No visual inspection of the gate's shear pins was made except a check was done to make sure that all the pins were in place. The railroad's inspector testified that even if each shear pin was visually inspected, there would be no way to determine whether the pin was going to break.

At the conclusion of the defendant railroad's case and after both sides rested, the court charged the jury on the issues of negligence and the permissible inference of negligence created by the doctrine of res ipsa loquitur. Thereafter, the jury rendered a verdict in favor of the defendant on the issue of liability.

On appeal, plaintiffs argue, *inter alia,* that the verdict was against the weight of the credible evidence. We disagree. It is undisputed that the defendant railroad has a duty to maintain the gates it erects at crossings in a reasonably safe operating condition (Railroad Law §§ 52, 53). Although plaintiffs were entitled to rely on the doctrine of res ipsa loquitur to establish a prima facie case from which negligence could be inferred (*see, Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mot to amend remittitur granted* 21 NY2d 793; *Moeller v Pearl,* 78 AD2d 540, 541; *Fogal v Genesee Hosp.,* 41 AD2d 468, 476), it is essential to emphasize that plaintiffs still bore the burden of proving the defendant railroad's negligence by a fair preponderance of the evidence (*Griffin v New York Cent. R. R. Co.,* 277 App Div 320, 323).

The evidentiary effect of the doctrine of res ipsa loquitur was discussed by former Associate Justice Boyers of this court in *Weeden v Armor Elevator Co.* (97 AD2d 197, 204) as follows:

"In this forum, the evidentiary and procedural consequence of *res ipsa* is not that of a rebuttable presumption, but rather, that of a creation of a permissible inference or deduction of negligence from the facts and circumstances of the case (see *Shapiro v Art Craft Strauss Sign Corp.,* 39 AD2d 696; *Parsons v State of New York,* 31 AD2d 596; see, also, Richardson, Evidence [Prince, 10th ed], § 93; 41 NY Jur, Negligence, § 89; see, generally, discussion in 2 Harper and James, *op. cit.,* § 19.11). Its effect is to make out a prima facie case permitting submission to the jury, which may, but which is in no way bound to, infer negligence and conclude that the preponderance of proof is with the plaintiff (*Benson v Bohack Food Markets,* 33 AD2d 908; *Hatch v King,* 33 AD2d 879; see *Sweeney v Erving,* 228 US 233, 240).

"Use of *res ipsa* does not, however, relieve plaintiff of the burden of proof. That onus never shifts to defendant (*George Foltis, Inc. v City of New York,* 287 NY 108, 115, 118, *supra*). Indeed, defendant need not offer any countervailing proof in rebuttal in order to prevail. *Res ipsa* merely permits the inference that an unusual occurrence resulted from defendant's negligence * * * Defendant may, of course, come forward with an explanation, thereby rebutting the inference raised by the doctrine (*Parsons v State of New York,* 31 AD2d 596, *supra*). And if such explanation is successful, plaintiff must rebut it or succumb (*Plumb v Richmond Light & R.R. Co.,* 233 NY 285)".

In the case at bar, the defendant railroad presented testimony tending to rebut the permissible inference of negligence and establish that it exercised reasonable care in maintaining its crossing gate. Plaintiffs offered no evidence upon which one could conclude that the steps taken by the defendant railroad were inadequate to safeguard against this type of accident. Accordingly, the jury was free to, and obviously did, reject the permissible inference of negligence created by the doctrine of res ipsa loquitur and conclude that the defendant railroad was not negligent (*see, Albert v State of New York,* 80 Misc 2d 105, *affd* 51 AD2d 611). We cannot say that the verdict was against the weight of the credible evidence.

We also fail to find merit with plaintiffs' argument that the court's jury charge on the issues of negligence and res ipsa loquitur constituted reversible error. In the first instance, plaintiffs' argument concerning the charge has not been preserved for appellate review since no exception thereto was taken. In fact, in a posttrial motion to set aside the verdict, plaintiffs' counsel conceded that "the charge was very fair". In any event, having reviewed the charge, we conclude that the court fairly and adequately charged the jury on the relevant principles of law.

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.