OPINION OF THE COURT
Samuel M. Levine, J.
This action, to recover property damage sustained by plaintiff’s subrogor on December 11, 1993, arose due to an explosion originating from a Long Island Lighting Company (LILCO) utility pole located at the corner of North Broadway and Delaware Avenue in Massapequa, New York.
*124 The plaintiffs witness, Victoria Sangirardi, testified that she drove her husband’s vehicle to the Pizzazz Hair Salon, arriving there at approximately 9:00 a.m. She testified she parked her vehicle in front of the salon at the corner of North Delaware and Broadway. At approximately 6:00 p.m., she and several other people in the salon at the time heard a loud "popping” noise similar to an explosion. Upon investigating, she observed something resembling a "fireworks show” taking place outside of the salon. She further stated, upon further review, the source of this activity was a utility pole owned and operated by the defendant. The sparks resulting from the explosion as well as other debris fell down upon the plaintiffs subrogor’s vehicle, a 1992 white Ford Thunderbird.
The vehicle sustained burn damage throughout the surface of the entire vehicle, as well as dents created by pieces of porcelain which at one time comprised an insulator located on top of the utility pole. The pieces of porcelain were submitted into evidence by the plaintiff at trial.
The damage sustained to the plaintiff’s subrogor’s vehicle was in the amount of $4,260.57.
Defendant’s witness, Tony Amato, a former electrical service specialist for the defendant, LILCO, testified that he arrived at the scene of the incident at approximately 6:20 p.m. after receiving the emergency call. When he arrived at the scene, there was no longer any explosive or firework activity taking place. He further testified, that upon closer inspection of the pole and the surrounding equipment, the explosion was caused by an errant mylar or metallic balloon. Mr. Amato testified that this mylar balloon, which is similar to a typical party balloon, may have drifted through the air and became lodged between two wires running through the utility poles, in turn created the electrical short and corresponding explosion.
In order for the plaintiff to recover on the theory of negligence, the plaintiff must establish by a preponderance of evidence that defendant owed plaintiff a duty of care; the defendant failed to exercise that duty and, as the proximate cause of that failure, plaintiff suffered injury. (79 NY Jur 2d, Negligence, § 8.) In this case, in the absence of direct proof of defendant’s negligence, the court applies the doctrine of res ipsa loquitur as circumstantial evidence of defendant’s negligence. (De Witt Props. v City of New York, 44 NY2d 417 [1978].) This doctrine of liability is entirely appropriate in this case. Testimony at trial indicated that the damage to plaintiff’s car was caused by an instrument within the exclusive control *125 of defendant, that the sequence of events does not normally occur absent negligence and that plaintiff did not contribute to the resulting property damage. (Ebanks v New York City Tr. Auth., 70 NY2d 621 [1987].)
The defendant objected to the application of the res ipsa doctrine due to the nonexclusive control of the electrical equipment by defendant. The defendant vigorously offered testimony indicating a "mylar” balloon was an intervening factor relieving them from liability.
The defendant’s witness, Mr. Amato, did not see the cause of the "fireworks” or the mylar balloon rise and hit the electric lines. His testimony cannot support the conclusion that the mylar balloon caused the "fireworks”, explosion and damages. His cross-examination established defendant LILCO’s failure to provide protective wiring or other measures to prevent the "fireworks”. The evidence produced does not support defendant’s contention that third parties had access to the electric pole or that third parties may have affected LILCO’s equipment (highly speculative). No proof was presented that the mylar balloon rose up and came in contact with the wires or that a balloon caused the "fireworks” (also speculative). Again, there was no proof that a mylar balloon floated up and struck the exposed wires causing the fireworks and explosion of the insulator.
The doctrine of res ipsa loquitur is applied here since the explosion and subsequent property damage could not have ordinarily happened except for the negligence of defendant. The facts as presented at trial justify this inference of evidentiary proof of negligence. Defendant has not rebutted the inference of negligence with any reasonable theory, nor offered any credible proof of an intervening factor. The explosion of electrical lines is not an event which normally occurs absent some negligence on the part of defendant in operating and maintaining the electrical equipment on and between poles. The court as the trier of fact finds that the plaintiff has established by a preponderance of the evidence that the defendant was negligent and that negligence resulted in the property damage for which recovery is sought in this action. (Baumann v Long Is. R. R., 110 AD2d 739 [2d Dept 1985].) Judgment is granted to plaintiff in the amount of $4,260.57 with interest from December 11, 1993.