(5 Misc. Rep. 267.)

SPENCER v. McMANUS.

(City Court of Albany. October, 1893.)

NEGLIGENCE—ALLOWING WATER TO RUN IN BUILDING.

In an action by a lessee of a portion of a building against a lessee of another portion of the same building for damages caused by the flow of water from a faucet in defendant's premises, a prima facie case is established by proof that there was no defect in the faucet, and that defendant had the exclusive control of the room where it was, though defendant had given a third person a license to use such room.

Action by Spencer against McManus to recover damages for overflow of water. Judgment for plaintiff.

George H. Mallory, for plaintiff.
Andrew Hamilton, for defendant.

DANAHER, J. The plaintiff and the defendant are tenants in occupation of premises No. 31 Steuben street, Albany, N. Y., both hiring from the same landlord. The plaintiff occupies the basement; the defendant, a room on the third floor. On the morning of the 2d of January, 1893, the plaintiff opened his store, and found that a quantity of goods had been damaged by water which came from an open faucet in the room of the defendant. The proof on the part of the defendant was that he had hired that room for the use of his employes as a toilet room; that his employes had no right to use it on Sundays or holidays, when his store was closed; that on Saturday night and on Sunday night, when the place was inspected, the faucet was not open, nor was there any leakage; but that when his office boy came to the store on Monday, January 2d, he found the water overflowing the premises, and, on investigation, found that the faucet was open in the toilet room on the third floor, and that it had overflowed the entire building, and caused the damage. The door of the toilet room was locked on Monday morning, as it had been on the Sunday night previous. There was proof of an open window in the hall way adjoining the toilet room, but there is no evidence showing any connection between the window and the toilet room, so the fact of its being open does not enter into the case. The proof also shows that an organization known as the "Empire Band" had rooms on the third floor near defendant's toilet room, and that they had a key to the toilet room, furnished to them by the defendant. The defendant was the sole tenant and lessee of the toilet room, and the Empire Band had no contractual rights in the same, being simply granted the privilege, as a revocable license, by the defendant, of using the toilet room in common with his employes. There is no proof that the faucet was out of repair, nor any evidence whose hand it was that turned it

on. The question is, is the defendant liable, under the circumstances, for the damage sustained?

Under the doctrine of the cases of Moore v. Goedel, 34 N. Y. 527; Mullen v. St. John, 57 N. Y. 567; Lyons v. Rosenthal, 11 Hun, 46; Breen v. Railroad Co., 109 N. Y. 300, 16 N. E. 60; 1 Tayl. Ev. 207; Killion v. Power, 51 Pa. St. 429; Simonton v. Loring, 68 Me. 164; White v. Montgomery, 58 Ga. 204,—plaintiff has made out a case of negligence on the part of defendant, which the latter has not negatived. The language of the court in Mullen v. St. John, 57 N. Y., at page 571, quoting from Scott v. Docks Co., 3 Hurl. & C. 596, is appropriate to the principles involved here:

"There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In other words, proof of the injury, and that the overflow occurred on premises in the exclusive control of the defendant, made out a prima facie case of negligence on the part of the defendant, and threw upon him the burden of proof to show that he did not cause the damage, and was not responsible for it. Wiedmer v. Railroad Co., 41 Hun, 285, 286.

The controlling fact in this case, and which, according to ordinary knowledge, does not happen without some moving human action, (in the absence of explanation,) is that the damage arose from a faucet turned on and allowed to run at will,—a negligent act per se,—and not from any bursting or leakage caused by defective appliances, nor from any of the many other causes of overflow which are not always preventible. The plaintiff's evidence presents a square case of proof of negligence, and nothing said in Harris v. Perry, 89 N. Y. 314, at all weakens the rule of the cases cited supra. The defendant says:

"I left the premises on Sunday night in good order, with the door locked, and the faucet not running. None of my employes had any right to use the room on Sunday. On Monday, with the door still locked, I find the faucet turned on, and the damage done. The Empire Band had a key, and the privilege of using the room."

As far as the Empire Band is concerned, if the proof was that the Empire Band had an independent contractual right to use the room jointly or in common as tenant with the defendant, under the rule of Moore v. Goedel, 34 N. Y. 532, there would be no presumptions of negligence against either tenant when either might have caused the damage, and this case would fail, for there is no proof who did the damage; but when, as in this case, the Empire Band had nothing but defendant's "permission to use the toilet room, but the control, management, and care thereof was in defendant, as tenant of the premises," (Moore v. Goedel, 34 N. Y. 532,) even on proof that the act of turning on the faucet and leaving it open was the affirmatively negligent act of the Empire Band, we would decide that it was an act for which the defendant was liable; for

the defendant's permission to the band to use the room made the damage possible, if the band people did it, for their use of the faucet would have been incidental to the purposes for which they had been allowed the privileges of the room.   Stevens v. Woodward, 6 Q. B. Div. 318.   See Simonton v. Loring, 68 Me. 164; Althorp v. Wolfe, 22 N. Y. 355, 356.   There is no proof that the Empire Band used the toilet room during the time in question, and it is useless to conjecture as to whether it did or not, under the rule above laid down.   It is true, as a proposition of law, that negligence must be proven, and not presumed, and that mere conjecture is not enough to charge the defendant; but it is also true that, where a prima facie case of negligence is made out against defendant, mere conjecture on his part as to who did the negligent act does not relieve him of his liability.   The difficulty with defendant's case is that he utterly shuts his eyes to the fact that the faucet which caused the injury was in his exclusive care and control, and the damage was caused by an affirmative act of some one who turned it on and left it running.   A prima facie case has been made out by the plaintiff, and I cannot find that the defendant has negatived it.   The defendant must show who did the act, or that a cause for which he is not liable concurred in setting the faucet running.   There is no proof in the case from which we can say, if the defendant did not turn the faucet on, who did; and he being chargeable with the use and proper use of his property, and of the faucet in question, which was under his exclusive care and control, he is liable, on proof of the accident and damages, where his only contention is, "I know not who did it."   See Killion v. Power, 51 Pa. St. 429.

We have been referred to a number of cases by the defendant, which we have examined with care.   Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66, was a case where there was no proof where the cinder which did the damage came from.   It might have come from the smokestack, in which case the company would not have been liable, or from a defective ash pan, for which the company was liable; and the court would indulge in no speculations as to the cause of the accident, and, in the absence of proof as to which fact caused the injury, it decided plaintiff could not recover.   In this case there is direct proof that the damage was caused by an open faucet, under the exclusive control of the defendant.   There is proof that the damage was occasioned by an affirmative cause in defendant's exclusive control, the only question being as to whether the defendant is responsible for the cause.   In Robbins v. Mount, 33 How. Pr. 24, 33, there was affirmative proof of the presence in defendant's rooms, after he left them and before the accident, of the janitor and the scrub woman, who used the water in question. In this case we have no proof upon which to base even a conjecture as to the probability of who turned on the water.   The decision in Moore v. Goedel, 34 N. Y. 527, is to the effect that, where there are two tenants in common, no presumption arises that the overflow was occasioned by the neglect of one of them; that it is incumbent on the plaintiff to show which of the tenants had caused

the overflow. No such state of facts exists in this case, because it is not claimed that the Empire Band is a tenant in common with the defendant of the premises in question. In Ross v. Fedden, L. R. 7 Q. B. 662, the defendant proved that the leakage in the closet was caused by a defective valve, which could only be reached or seen by removing the woodwork, and both the trial court and the court of appeals expressly negatived all negligence on the part of the defendant. It is a safe rule to charge a tenant with the due and proper care of the faucets and water appliances under his exclusive control, in his relations to his fellow tenants in the same building. He owes them a duty "so to use his own as not to injure another's;" and, when we consider how trifling an act of neglect in the management of water in a large store building can produce damage both to the realty and to other tenants, it is but just to say that nothing short of clear and conclusive proof that the damage occurred without his fault or negligence should excuse a tenant who has the sole and exclusive charge of the appliances which caused the injury.

In regard to the question of damages, the proper measure of damages is not the selling price of the goods destroyed, but the price at which the same would be replaced or purchased in open market, and laid in the store of the one suffering the injury, with such special damages, if any are alleged and proven, as were actually sustained by reason of their nonpresence in the store while in the process of replacement. Starkey v. Kelly, 50 N. Y. 676; Baker v. Drake, 66 N. Y. 524; Grumann v. Smith, 81 N. Y. 25, 28. There being no evidence of any special damage as above laid down, we direct a judgment for the plaintiff for cost price of the goods destroyed laid down in his store. Judgment for plaintiff.