■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, v. TIMBERLAND DEPT., Defendant-Respondent.— Order and judgment granting summary judgment to the defendant unanimously reversed on the law, and the motion for summary judgment is denied, with $10 costs to the appellants. There are triable issues as to whether certain persons were either employees of the defendant, vendors, or independent contractors. Under the circumstances, summary judgment is inappropriate. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ DUBINER'S BOOTERY, INC., Respondent, v. GENERAL OUTDOOR ADVERTISING Co., INC., Appellant, et al., Defendant.— Judgment appealed from unanimously reversed on the law and on the facts to the extent of directing a new trial on the limited issue of damages, unless plaintiff stipulates to reduce the recovery to the sum of $13,672.80, in which event the judgment as so modified is affirmed, with costs to appellant in either event. There is ample proof that defendant's negligence proximately caused damage to the plaintiff and that defendant had control of the roof and a duty to maintain it (see Spencer v. McManus, 5 Misc. 267) and in fact from time to time had actually made repairs to the roof. The measure of damages is not the retail selling price but replacement cost and any damages actually sustained by reason of the absence of the articles while in the process of replacement. If the personal property is totally destroyed the market value at the time and place of their destruction should be shown. If the property is only damaged the difference in value immediately before and immediately after the injury should be shown. (Gass v. Agate Ice Cream, 264 N. Y. 141.) Since there was testimony as to the cost price, which is admissible as some evidence of value, and that 85% of the stock was brand new, such testimony if accepted dispensed with the necessity for proof of use and deterioration as to those articles, and might fairly be considered at least as approximating their market value at the time of destruction. While damages are to be compensatory and need not be calculated with mathematical certainty to permit recovery (Steitz v. Gifford, 280 N. Y. 15, 20), there was insufficient proof to form a basis of computation for any alleged loss of profits. Accordingly, the sum provided for in the event of stipulation is the cost price less the salvage received. Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ JOSEPH NASH, Respondent, v. ASHEVILLE TEXTILES CORP. et al., Appellants.— Orders unanimously affirmed, with $20 costs and disbursements to plaintiff-respondent. In affirming, this court does not pass, as it need not, on the nature of the protectible interest that plaintiff had at the time that the joint venture was terminated by his exclusion. Similarly, the court does not consider what would be the appropriate relief or measure of damage. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ HERMAN J. GOLDWYN, Doing Business as CROWN ROYAL COMPANY, Appellant, v. GEORGE W. WARNECKE & Co., INC., Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.