John Carroll Young, J.
This claim alleging unlawful arrest and imprisonment was timely filed and has not been submitted to any other court or tribunal for audit or determination. The claim alleges “ that on the 12th day of July, 1961, Dr. Nathan Hirsch, an employee of the State of New York, in the capacity of senior psychiatrist at the Rome State School, Rome, New York, did while acting in the scope of his employment for the State of New York, falsely, maliciously and negligently without probable cause did institute criminal charges against the claimant by signing a deposition in the City Court of the City of Utica, the contents of which were used as a basis for the issuance of a warrant of arrest against the claimant.” The claim further alleges upon information and belief 1 (that the contents of the deposition were not true and were not based on accepted medical procedure. The conclusions drawn by Dr. Nathan Hirsch in this deposition were made upon insufficient knowledge, evidence, and a misuse of medical facts. That the conclusions of Dr. Nathan Hirsch were false, malicious, and negligent which resulted in the claimant being unlawfully and illegally arrested causing the claimant to be incarcerated in the Oneida County jail from July 21, 1961 until October 6, 1961, a violation and invasion of claimant’s civil rights. That on October 6, 1961, the claimant was released from the Oneida County jail when the Oneida County Grand Jury returned a no bill.”
Rome State School is a State institution for mental defectives maintained and operated by the State of New York at Rome, New York. (Mental Hygiene Law, § 120.)
The undisputed evidence showed that the claimant herein on several occasions between February and May, 1961, at his apartment in Utica, New York, engaged in acts of sexual intercourse with a female inmate of the Rome State School who had an intelligence quotient of 63. She had been placed on so-called convalescent care at an Eastern Star Home at Oriskany, New York, under the control and regulations of the Rome State School authorities. She was permitted to leave the home in company with another girl, similarly under the supervision of Rome State School, each Thursday afternoon and *80 every alternate Sunday afternoon. On these days, she was permitted to go, .otherwise unattended, by bus to Utica to have dinner, the motion picture theatre and otherwise conduct herself in an orderly fashion. Under the restrictions placed upon both of such inmates, they were directed not to associate with any man or men in any respect.
The testimony of the Director of Rome State School who was called and produced as a witness for the claimant, showed that the placement of said females in the Eastern Star Home was made because it has more facilities for recreation than would be normally found in a private home and although itself an institution, furnished a more suitable environment for the mental improvement of patients placed there as employees.. An inmate placed in this home received her board and room and some monetary compensation which became the property of the patient. Such placement is considered to be a therapeutic factor contributing to the mental improvement and development of the individual.
The evidence showed that such treatment of patients at such institution for mental defectives is the modern, approved and accepted method. No proof was introduced that such procedure or the .supervision of the said female patient was inadequate or improper.
When the Rome State School authorities discovered the association that had developed between said female inmate and the claimant, she was returned to Rome State School. The Utica police took steps to prosecute the claimant for the crime of rape as defined under section 2010 of the Penal Law which provides in part as follows: “ § 2010. Rape defined. A person who perpetrates an act of sexual intercourse with a female not his wife * * * When through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent * * * Is guilty of rape in the first degree ’ ’.
In conjunction with such prosecution, Dr. Nathan Hirsch, senior psychiatrist at the Rome State School, swore in an affidavit that he was acquainted with the record of said inmate of the school and from her history and his examination of her, it was his opinion that said inmate by reason of her mental condition was incapable of giving consent to an act of sexual intercourse.
The claimant testified that early in his acquaintanceship with said female inmate, he learned that she was a patient, and under the supervision of Rome State School; he was therefore charged with knowledge that she was a mental defective.
*81 A warrant was subsequently issued and the claimant was arrested and charged with rape as defined under said section 2010 of the Penal Law. After a preliminary examination before the Utica City Court, he was ordered held for action by the Grand Jury. Being unable to furnish bail, he was held in Oneida County jail from July 21 to October 6, 1961. He was released when the Grand Jury failed to find an indictment against him.
There is a distinction between an individual who merely makes a statement that certain facts exist, leaving it to the authorities to determine whether or not an arrest should follow, and a situation where a person requests or directs that someone else be taken into custody. In the former case, there is usually no liability upon the person making the statement. (Vernes v. Phillips, 266 N. Y. 298; Schildhaus v. City of New York, 7 Misc 2d 859, 863, revd. 10 A D 2d 566, affd. 8 N Y 2d 1108.)
The warrant against the claimant was issued upon an information filed by a Utica police officer. Dr. Hirsch did not charge the claimant with any crime nor did he demand his arrest; any liability for false arrest terminated with the arraignment; from that time on the imprisonment was by due process of law. (Swart v. Rickard, 148 N. Y. 264; Durante v. County of Onondaga, 3 Misc 2d 69.)
After the claimant’s evidence was completed, his attorney moved to amend the claim herein to conform with the proof. In substance, the granting of the motion would permit an amendment of the claim so as to charge the State with negligence in allowing the female inmate to be released and to enjoy the restricted freedom as above mentioned. The State objected and the decision thereon was reserved.
When the motion to amend is properly and timely made, the court may permit the pleadings to be amended. (Court of Claims Bules, rule 16, CPLB 3025, subd. [c].) However the amendment requested would substantially change the claim now before the court, both in substance and theory and in effect set forth a new claim; the filing of a new claim at this time is barred by the limitations contained in section 10 of the Court of Claims Act. The proposed amendment is in no sense merely an amplification of the present claim herein as filed, but would be based upon entirely different and unrelated acts of negligence; the motion must be and is denied. (Waldo v. State of New York, 2 A D 2d 730.)
The motion of the Attorney-General for a dismissal of the claim herein on the opening statement of claimant’s counsel, upon which decision was reserved at the trial, is hereby denied.
*82 The claimant totally failed to prove the allegations of his claim, or that the State was negligent, or that he sustained any damages through any act or omission on the part of the State for which the State is liable. The claim must be and is hereby dismissed.