■ DONALD MOELLER et al., Appellants, v JUDITH PEARL, as Administratrix of the Estate of BILLIE J. PEARL, Deceased, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 28, 1979, which is in favor of defendant upon the trial court's granting of

defendant's motion to dismiss the complaint pursuant to CPLR 4401, following a jury trial limited to the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. It was error for the trial court to refuse to apply the doctrine of *res ipsa loquitur* and hold that plaintiffs failed to make out a prima facie case of negligence. Application of the doctrine requires that plaintiffs prove that: " '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff' " (*Corcoran v Banner Super Market,* 19 NY2d 425, 430). In this case such proof was adduced and the court should not have dismissed the complaint (see *Reinzi v Tilyou,* 252 NY 97; see, also, *Rafter v Dubrock's Riding Academy,* 75 Cal App 2d 621; *McComas v Barnes Shows Co.,* 215 Cal 685). Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.