■ PAYLESS DISCOUNT CENTERS, INC., Appellant, v 25-29 NORTH BROADWAY CORPORATION, Defendant and Third-Party Plaintiff-Respondent. H. G. VOGEL COMPANY et al., Third-Party Defendants-Respondents. — In an action to recover for damages to property, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered September 11, 1980, which is in favor of the defendant and against plaintiff, upon the trial court's granting of defendant's motion to dismiss the complaint, at the close of the plaintiff's case, at a jury trial limited to the issue of liability only. Judgment reversed, on the law, motion to dismiss denied, and new trial granted as to all parties and causes, with costs to abide the event. Plaintiff, Payless Discount Centers, Inc., leased a store in the building at 25-29 North Broadway, Yonkers, from the defendant in 1973. On February 2, 1974, a portion of the pre-existing sprinkler system within Payless' store collapsed, resulting in a flood and the destruction of a quantity of merchandise. Payless brought this negligence action seeking damages for the destroyed property. The evidence presented at trial indicates that the defendant was responsible for the maintenance and inspection of the sprinkler system and that Payless had nothing to do with the system. The sprinkler system was inspected and tested semiannually by David Colquhoun, Inc. (a third-party defendant). Payless never complained to the defendant about the sprinklers. It also was proven that the portion of the sprinkler branch that collapsed had been secured improperly, by attaching the sprinkler pipes to the slats in the ceiling rather than to the joists. The pipes hung 8 to 10 inches below the ceiling (they were visible in the store), but the supports for the pipes were not visible, as they were covered over by the tin ceiling material. The semiannual inspections of the sprinkler system did not involve the peeling back of the tin ceiling. At the

conclusion of Payless' evidence the trial court granted the defendant's motion to dismiss the complaint on the ground that Payless failed to prove a prima facie case. Payless appeals. In order for a landlord to be held liable for a defective condition on the premises he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it (see *Putnam v Stout,* 38 NY2d 607, 612). The record in this case clearly demonstrates a lack of proof on the issue of notice. However, proof of notice, as well as all the elements of negligence, may be met by circumstantial evidence under the doctrine of *res ipsa loquitur.* The theory of *res ipsa loquitur* applies under the following conditions: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (see *Corcoran v Banner Super Market,* 19 NY2d 425, 430; *Moeller v Pearl,* 78 AD2d 540, 541; Prosser, Torts [4th ed], § 39, p 214; 1 Speiser, the Negligence Case: Res Ipsa Loquitur, § 1:1, p 4). Only the second element — exclusive control — is at issue. The concept of exclusive control does not require rigid application since the general purpose of this element is to indicate from the circumstances that it probably was the defendant's negligence which caused the accident (see *Corcoran v Banner Super Market, supra,* pp 431-432). Sprinkler pipes do not ordinarily break if they are properly installed and maintained (see *De Witt Props. v City of New York,* 44 NY2d 417, 426; see, generally, Ann., 91 ALR3d 186). Where the owner is in exclusive possession and control of the system, it is reasonable to presume that any break in the system was caused by the owner's neglect (see *De Witt Props. v City of New York, supra,* p 426). Proof that the third parties had access to the system, however, would destroy the above premise and preclude the inference *(supra).* Although in this case the sprinkler pipes and a sectional control valve were physically inside the leased premises (along the ceiling), Payless had no real access to the system. The sole responsibility for the installation and maintenance of the sprinkler system rested with the defendant and the mere fact that part of the system was within Payless' store does not preclude the inference that the break probably was caused by the defendant's neglect. Therefore, a prima facie case was made out by the plaintiff and the motion to dismiss should have been denied. Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.