# (June 17, 1982)

■ Thomas Hitchcock et al., as Executors of Hugh F. Walker, Deceased, Respondents, v Helen K. Walker, Appellant. — Appeal from that part of a judgment of the Supreme Court in favor of plaintiffs' decedent, entered August

9, 1977 in Greene County, upon a verdict rendered at Trial Term (Pennock, J.), which, *inter alia,* denied defendant alimony, declared the validity of a condition subsequent contained in a deed of conveyance dated March 29, 1974, determined that said condition had been fulfilled, and declared the deed to be null and void. In his complaint, plaintiffs' decedent (plaintiff) sought a decree of divorce and a reconveyance by defendant of her one-half interest in a farm located in East Jewett, Greene County, New York, by reason of the alleged fraud of defendant. Plaintiff and defendant were married on August 6, 1973. Subsequently, by deed dated March 29, 1974, plaintiff conveyed a one-half interest in the subject farm to defendant. The deed, however, contained a recitation that: "This deed is on the condition subsequent that in the event that [defendant] shall become divorced from Hugh F. Walker or in the event that they shall separate either in fact or by agreement for one year's time then the interest of [defendant] shall terminate and Hugh F. Walker shall become sole owner." At the conclusion of all the evidence, plaintiff moved to amend his complaint to conform to the proof. This amendment sought a declaration that the "condition subsequent" contained in the deed had been fulfilled and a judgment that defendant no longer had an interest in the real property. Trial Term granted this application to amend and proceeded to find that the "condition subsequent" contained in the deed was valid and had been fulfilled by the actual separation of the parties for a period in excess of one year. Trial Term also granted plaintiff a divorce on the ground of cruel and inhuman treatment, and denied defendant alimony. Defendant did not appeal from that portion of the judgment which granted plaintiff a divorce and on appeal does not quarrel with Trial Term's decision denying alimony. Accordingly, this appeal concerns only the propriety of Trial Term's decision to grant plaintiff's motion to amend his complaint to conform to the proof, and its declaration as to the validity and fulfillment of the "condition subsequent" contained in the deed. Defendant's first argument is that Trial Term erred by allowing plaintiff to amend his complaint to conform to the evidence. However, an application to amend the pleadings to conform to the evidence is addressed to the discretion of Trial Term (CPLR 3025, subd [c]; *Murray v City of New York,* 43 NY2d 400), and the instant record contains no evidence to indicate that Trial Term abused its discretion. Secondly, defendant contends that the "condition subsequent" contained in the deed is ambiguous and, accordingly, asserts that Trial Term erred by not allowing into evidence testimony concerning the relationship of the parties prior to their marriage. Contrary to this assertion, however, the condition contained in the deed is unequivocal. Furthermore, it is undisputed that the condition was met, i.e., the parties were separated for over a year and, in any event, a divorce was granted in this action. Finally, defendant contends that evidence of the parties' prior relationship should have been introduced so that it could be determined whether the "condition subsequent" created a fee simple determinable or fee simple subject to a condition subsequent. This argument is without substance for whether the deed created a fee simple determinable or fee simple subject to a condition subsequent is of no consequence in this case. As plaintiff has exercised his right of reacquisition and the record clearly demonstrates the occurrence of the "condition subsequent", it is irrelevant in this case whether the subject deed used words of condition making the estate voidable, or words of limitation, causing the estate to automatically cease (see 20 NY Jur, Estates, §§ 14, 16-17). Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.