INTERESTED UNDERWRITERS AT LLOYDS, as Subrogees of EVERYONE'S STORES, INC., Respondents, v THIRD HOLDING CORP. et al., Appellants. — Judgment, Supreme Court, New York County (Pecora, J.), entered on July 23, 1981, upon a jury verdict awarding plaintiff the sum of $32,700 for water damage sustained by its subrogor, unanimously modified, on the law, to the extent of striking the award of damages and remanding the matter for a new trial solely on such issue and, as so modified, the judgment is otherwise affirmed, with costs and disbursements. Plaintiff's subrogor, Everyone's Stores, sold general merchandise at retail in a street-level store. Its property was alleged to have been damaged by water used by the fire department to extinguish a fire on an upper floor alleged to have been caused by defendants. The latter testified to prior water leaks into the store. The only damage testimony at the trial was given by two experts called by plaintiff: Hoffman, one of its employees, who testified to the value of the subrogor's furniture, fixtures, and shelving; Esses, an officer of the subrogor, who testified to the value of the merchandise alleged to have been damaged. As a basis for his appraisal, Hoffman used the claim submitted by Everyone's Stores to his employer. He never ascertained if there had been any prior water damage. He did not value each particular item but only gave a dollar total of two separate lists as their reasonable value. Esses used an inventory of damaged merchandise that was never admitted into evidence. He testified that he and plaintiff had agreed on a total value of the merchandise damaged based upon the inventory from which he deducted a 28½% gross profit margin. The resulting sum plus Hoffman's appraisal less $2,500 deductible was the amount paid the subrogor by plaintiff. No testimony was given as to any specifically damaged merchandise or the extent to which it was damaged. During its deliberations the jury asked the following questions: "Your Honor, the jury feels that the exhibits do not contain enough quantitative data on which to make a quantitative estimate. We don't have any of the claimed inventory loss lists, et cetera, is any left out? Do we just guess?" The court instructed the jury that they had all the exhibits that were marked in evidence and the testimony of the appraisers, that it could consider only that which was in evidence, and that it should try to reach a verdict. The foreman attempted to ask a further question but was told to put it in writing. This was never done. Where property is damaged but not destroyed — there is no evidence here that any of the property was destroyed — the measure of damages is the difference between the market value before the damage and the market value after (*Dubiner's*

*Bootery v General Outdoor Adv. Co.,* 10 AD2d 923; see, also, *Gass v Agate Ice Cream,* 264 NY 141). The evidence offered by Hoffman and Esses did not meet this measure. While their valuations may have been effective in the subrogor's reaching a settlement with plaintiff, they did not provide the jury sufficient proof for a proper determination, a quandary the jury perceived and pointed out in its question. We find no substantial errors in the other points raised by appellants. Concur — Kupferman, J. P., Markewich, Lupiano, Lynch and Milonas, JJ.