■ FULTONVILLE FROZEN FOODS, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. — Appeal (1) from an order of the Supreme Court in favor of defendant, entered June 9, 1981 in Montgomery County, upon a dismissal of the complaint by the court at Trial Term (Amyot, J.), at the close of the evidence, and (2) from the judgment entered thereon. Plaintiff, a small corporation engaged in the purchase and sale of frozen yogurt, became a customer of defendant purchasing electricity for its warehouse, in the Rotterdam Industrial Park where the yogurt was stored. On October 3, 1978, defendant disconnected electrical power to the warehouse for nonpayment of certain bills. On October 10, 1978, plaintiff discovered that the service had been disconnected and products which had melted were discarded at the direction of the State Health Department. Plaintiff commenced this action to recover damages for breach of contract. An initial trial in March, 1979 resulted in a mistrial. At the close of the evidence in the second trial, the court granted defendant's CPLR 4401 motion to dismiss the complaint. On this appeal, plaintiff argues that the court erred as a matter of law in dismissing the complaint and abused its discretion in denying plaintiff's posttrial motion to amend the pleadings to conform to the proof pursuant to CPLR 3025 (subd [c]). There should be an affirmance. The record reflects that plaintiff's account was historically delinquent and that both delinquency and disconnect notices had been sent by defendant. Despite defendant's willingness to accept payments at any of its offices, account number identification was required to insure credit for payments. Although plaintiff's account was with the Schenectady office, defendant, after returning a July 28, 1978 check for $280.27 because of lack of account identification, did process the check when returned again to its Gloversville office but failed to credit plaintiff's account, again for lack of proper account identification. Plaintiff's employee testified that a check for $211.83 dated August 26, 1978 and one for $199.98 dated September 30, 1978 were drawn and mailed to defendant. However, defendant neither received these payments nor did they ever clear plaintiff's bank. Even if plaintiff was given credit for the $280.27, it remained delinquent in the sum of $371.61 at the time power was disconnected. Defendant accordingly was entitled to discontinue service (see Restatement, Contracts 2d, § 237). The court correctly found that plaintiff's proof failed to show that defendant was the sole source of power, that the power energized the freezers or that they were properly operating and that there was no proof that the shutoff caused plaintiff's products to spoil. In short, there was no proof of any relationship between discontinuance of electricity to plaintiff and plaintiff's alleged damages. The court further found that the evidence relating to damages was deficient. To establish damages, plaintiff offered the testimony of its sales and marketing

co-ordinator who produced an inventory list which identified the items lost and stated cost and retail prices. The witness testified he was familiar with the fair and reasonable market value of the goods. The measure of damages, however, was neither the cost nor retail selling price, but replacement cost and any damages actually sustained due to the absence of the product during the process of replacement (*Dubiner's Bootery v General Outdoor Adv. Co.*, 10 AD2d 923). Since the property was totally destroyed, it was necessary to show market value at the time and place of destruction. Plaintiff failed to show either replacement cost or market value. Nor did it establish the condition of the goods prior to the power shutoff or on the date of purchase. In our view, there was insufficient proof to form a basis of computation for any alleged losses to a reasonable degree of certainty. In sum, plaintiff neither proved causation nor the actual value of the goods lost. To dismiss the complaint as a matter of law, it was necessary for the court to first conclude that there was simply no valid line of reasoning and permissible inferences which could possibly lead rational men to assess a breach of contract on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493). The evidence being insufficient both as to liability and damages, the court properly dismissed the complaint as a matter of law. Finally, we find no abuse of discretion in the court's denial of plaintiff's motion to amend its complaint to reflect a cause of action in negligence. An application to amend the pleadings to conform to the evidence is addressed to the discretion of the court (CPLR 3025, subd [c]; *Murray v City of New York*, 43 NY2d 400; *Hitchcock v Walker*, 88 AD2d 1053). The complaint set forth a single cause of action for breach of contract. While the word "negligently" was used in describing the electrical energy disconnection, it is clear the cause of action was grounded solely in contract. The basis of plaintiff's motion was a failure to notify it of the power cutoff, and evidence that the July 28, 1978 check was never credited to its account. It appears, however, that the check was received from plaintiff's parent corporation, Glen and Mohawk, and was included among several other checks processed by Glen and Mohawk without adequate identification. In any event, the subject check would not have balanced plaintiff's account and plaintiff was notified on several occasions of a possible cutoff. Despite this tenuous showing of possible negligence, to allow plaintiff to assert a new substantive claim at this late stage in the proceeding would result in undue prejudice against defendant (*McGough v State of New York*, 41 Misc 2d 78). The motion to amend was properly denied. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.