■ JEAN MELLEBY, Respondent, v UNITY FUEL OIL CORP., Appellant.—In an action to recover damages for personal injuries and injury to property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered April 23, 1987, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $84,600.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the trial court's jury charge did not deprive it of a fair trial. The court's use of the term "accelerant" was appropriate in describing the plaintiff's theory of the case. Significantly, the court admonished the jury not to consider any of its comments as indicating that it had an opinion one way or the other as to who should prevail *(see, Altman v Deepdale Gen. Hosp.,* 124 AD2d 768, 769, *lv denied* 70 NY2d 611), and that its use of the term "accelerant" referred to the plaintiff's theory of the case. Under the circumstances the defendant's challenge to the trial court's jury charge does not require reversal.

Similarly unavailing is the defendant's contention that the jury's award for psychological damages should be set aside. The trial court explicitly charged the jury to consider only the emotional harm which flowed from her physical injury and fright attendant to her experience in the fire *(see, Kennedy v McKesson,* 58 NY2d 500). Thus, there is no foundation for the defendant's assertion that the award was based on the emotional distress the plaintiff experienced from the loss of her cats. Nor should the award for lost rent be overturned. The record establishes that the plaintiff had been renting part of her house prior to the fire and that the house was virtually uninhabitable after the fire. Since she did not have the funds to renovate the house she was not required to mitigate damages for loss of rent (36 NY Jur 2d, Damages, § 23, at 44-45). Finally, the record establishes that the plaintiff's expert used the proper measure in determining the amount of damage to plaintiff's personal property *(see, Fultonville Frozen Foods v Niagara Mohawk Power Corp.,* 91 AD2d 732; *Dubiner's Bootery v General Outdoor Adv. Co.,* 10 AD2d 923; 36 NY Jur 2d, Damages, § 84, at 150-152).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.