■ ATLANTIC MUTUAL INSURANCE CO., as Subrogee of STEIN & DAY, INC., Appellant, v NOBLE VAN & STORAGE CO., Respondent, et al., Defendant.—In an action by a subrogee to recover damages for a breach of a bailment contract and for negligence, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), dated March 16, 1987, which, after a nonjury trial, is in favor of the respondent and against it dismissing its complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint in its entirety, substituting therefor a provision awarding the plaintiff nominal damages in the sum of $1, and otherwise dismissing the complaint; as so modified, the judgment is affirmed, without costs or disbursements.

Stein & Day, Inc.'s inventory of books allegedly sustained water damage while being stored in the respondent's warehouse. The plaintiff, as subrogee of Stein & Day, Inc., initiated this action alleging that the respondent breached its bailment contract and was negligent. After a nonjury trial, the Supreme Court concluded that the plaintiff's proof of damages was inadequate and dismissed its complaint.

Generally, where property is damaged but not destroyed, the measure of damages is the difference between the market value before the damage and the market value afterwards *(Interested Underwriters at Lloyds v Third Holding Corp.,* 88 AD2d 863). Here, it is conceded that the plaintiff's measure of damage was computed by using the average values of costs to manufacture soft-covered and hard-covered books. Such a calculation is not a reliable measure and is inadequate under the circumstances to accurately assess damages *(see, e.g., Fultonville Frozen Foods v Niagara Mohawk Power Corp.,* 91 AD2d 732).

Nevertheless, the record contains sufficient evidence to establish that the respondent breached the bailment contract. Accordingly, the plaintiff is entitled to nominal damages. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.