■ BERNARD DILLENBERGER et al., Respondents, v 74 FIFTH AVENUE OWNERS CORPORATION, Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 31, 1989, which denied defendant's motion to preclude and granted plaintiffs' cross motion for partial summary judgment on the issue of liability, but denied that portion of the cross motion seeking sanctions and denied, as moot, that portion seeking a protective order and dismissal of the affirmative defenses, unanimously affirmed, without costs. The further order of the same court entered April 20, 1989, which granted defendant's motion and plaintiffs' cross motion for reargument and, upon reargument, adhered to its previous order, except insofar as it modified said order, on consent, to require discovery on the issue of damages, unanimously affirmed, without costs.

Plaintiffs, proprietary lessees in a building owned by defendant, sued for damages sustained when water pipes in an adjacent common area burst. The proprietary lease requires defendant to maintain, operate and repair the plumbing, heating and sprinkler systems and to maintain the common areas in good repair. The court properly granted summary judgment based on the doctrine of res ipsa loquitur which gave rise to a permissible inference of negligence which was not rebutted by evidentiary proof in admissible form (Horowitz v Kevah Konner, Inc., 67 AD2d 38). Mere conclusory allegations regarding the existence of questions of fact are insufficient to defeat a motion for summary judgment (Gordon v Allstate Ins. Co., 71 AD2d 850). The court also properly found that the affirmative defenses were raised in good faith and therefore did not warrant the imposition of sanctions. Concur —Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.