(April 29, 1993)

■ AMERICAN HOME ASSURANCE COMPANY, as Subrogee of

COLLECTORS' GUILD INTERNATIONAL, INC., Respondent, v MORRIS INDUSTRIAL BUILDERS, INC., Appellant, et al., Defendants. [597 NYS2d 27] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered April 30, 1992, upon a jury verdict in favor of plaintiff subrogee and against defendant-appellant in the sum of $1,200,000, together with interest from April 7, 1986, costs and disbursements, unanimously modified, on the law, to award 9% interest on $245,000 from June 25, 1986, on $250,000 from August 29, 1986, and on $705,000 from December 19, 1986, and otherwise affirmed, without costs. Appeal from the order of the same court and Justice entered on or about July 17, 1992, *inter alia,* denying defendant-appellant's motion to resettle a decretal paragraph, unanimously dismissed as taken from a nonappealable order *(Blaustein v Blaustein,* 145 AD2d 591).

On a prior appeal in this subrogation action by plaintiff insurer to recover $1,745,000 it paid its insured for water damage sustained to certain art work stored in a facility belonging to defendant general contractor, we remanded to the trial court for a decision on defendant's motion to set aside the jury verdict (176 AD2d 541, *lv dismissed* 79 NY2d 851), which was denied. Reviewing the evidence in the light most favorable to plaintiff, the prevailing party, we find that it can be fairly interpreted as showing that defendant failed properly to secure the area around the HVAC unit on the roof, located above the storage area where the insured's art collection was known to be stored, from the weather, and that no basis otherwise exists to set aside the jury's verdict on liability as against the weight of the evidence *(see, Yalkut v City of New York,* 162 AD2d 185, 188). Nor does any basis exist to disturb the damages award of $1,200,000, the jury having properly measured damages as the difference in the market value before and after the incident *(see, Atlantic Mut. Ins. Co. v Noble Van & Stor. Co.,* 146 AD2d 729).

However, it was error to award interest on the full amount of the judgment from April 7, 1986, the date of the incident. Under CPLR 5001 (b) interest is to be computed from the "earliest ascertainable date the cause of action existed", but where damages are incurred at various times, "interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Here, plaintiff issued checks to its insured for $245,000 on June 25, 1986, $250,000 on August 29, 1986, and $785,000 and $464,500 both on December 19, 1986, for a total payment

of $1,744,500. Because the jury awarded plaintiff only $1,200,000, interest should run from the various dates of the above checks but only for the respective amounts totaling the jury's award.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.