■ ROBERT SWAIN, Respondent, v 383 WEST BROADWAY CORP., Appellant. [627 NYS2d 393] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered April 8, 1994, awarding plaintiff damages in the principal amount of $462,268, unanimously modified, on the facts, to the extent of remanding the matter for a new trial solely on the issue of damages, and otherwise affirmed, without costs.

Plaintiff's paintings were destroyed when a steam pipe burst in the storage area of defendant's building. The evidence was sufficient to support the jury's conclusion that defendant had constructive notice of the deteriorated condition of the steam pipes, and, we would add, was also sufficient to establish liability under the doctrine of res ipsa loquitur (*see, Payless Discount Ctrs. v 25-29 N. Broadway Corp.*, 83 AD2d 960; *Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327). The jury's award of $462,268, representing the fair market value at retail of the paintings, did not take into account that most of

plaintiff's sales of paintings were made through art galleries that charged plaintiff commissions ranging from 25% to 50% of the selling price. The award, therefore, went beyond making plaintiff whole, amounting to a windfall that plaintiff would not have received had the paintings not been destroyed and been sold at retail instead. We decline to address those alleged errors that were not objected to, since they did not result in significant prejudice to defendant's case. Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.