■ Gianfranco Gorgoni, Appellant, v Sideris Plumbing & Heating Corp., Defendant, and Omnibus Management Co. et al., Respondents. [794 NYS2d 344]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about September 25, 2003, which, to the extent appealed from, granted the motion of defendant Sandro Chia and the cross motion of defendants Omnibus Management Co. and Artists Condominium for summary judgment dismissing the complaint, unanimously modified, on the law, to deny Chia's motion, the complaint reinstated solely as against him, and otherwise affirmed, without costs.

Plaintiff suffered water damage to property in his condominium apartment as the result of a leak from an exposed sprinkler pipe in the apartment of his upstairs neighbor, defendant Chia. It appears that the pipe froze and eventually burst due to an open window in Chia's apartment. Plaintiff now sues Chia, the condominium, and the condominium's management company on the theory that the leakage resulted from these defendants' alleged negligence. The motion court granted all three defen-

dants summary judgment dismissing the complaint. We now modify to reinstate the complaint as against Chia, and affirm in all other respects.

With regard to Chia (who had been out of the country for four weeks at the time the leak occurred), an issue of fact exists as to whether he was responsible for the open window in his apartment. Chia's deposition testimony does not eliminate this issue of fact. We note that the building superintendent's statement opining that the window had been blown open during a storm appears to be unsupported speculation.

The condominium and the management company, however, were entitled to summary judgment, since neither of these defendants had any responsibility, under the condominium bylaws, for the maintenance of the exposed sprinkler pipe or the window in Chia's apartment. Further, there was no evidence to support an inference that the building superintendent had opened the window. Nor can plaintiff proceed against the condominium and the management company under the doctrine of res ipsa loquitur, since it is clear that the offending instrumentalities (i.e., the window and pipe) were not under the exclusive control of these defendants (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *J.E. v Beth Israel Hosp.*, 295 AD2d 281, 285 [2002], *lv denied* 99 NY2d 507 [2003]). Concur—Buckley, P.J., Tom, Saxe, Friedman and Sullivan, JJ.