■ EVER WIN, INC., Appellant, v 1-10 INDUSTRY ASSOCIATES, LLC, Respondent. [827 NYS2d 63]—

In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 2, 2005, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary

judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the appellant.

A break in a water pipe under a concrete floor flooded the portion of the basement the plaintiff leased from its landlord, the defendant, causing damage to the plaintiff's property stored there. The pipe was located in the adjacent premises which the defendant leased to another tenant. The plaintiff sued the defendant, and the defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion for summary judgment and denied the plaintiff's cross motion.

An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord retains control over the premises or is contractually bound to repair unsafe conditions (*see Scott v Bergstol,* 11 AD3d 525, 525 [2004]). Control may be evidenced by lease provisions making the landlord responsible for repairs or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises (*see Winby v Kustas,* 7 AD3d 615, 615 [2004]; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787, 788 [1988]). The defendant failed to establish that it lacked control over the premises. Thus, to establish its entitlement to judgment as a matter of law, the defendant was required to show that it did not cause the defect and had no actual or constructive notice of the allegedly defective pipe in reasonably sufficient time to remedy it (*see Danielson v Jameco Operating Corp.,* 20 AD3d 446, 448 [2005]; *Kyung Sook Park v Caesar Chemists,* 245 AD2d 425, 426 [1997]). The defendant met its burden by establishing that there had been no complaints about leaks, and the pipe itself was encased below the concrete floor.

Consequently, the burden shifted to the plaintiff to establish a triable issue of fact. The plaintiff met this burden by relying on the doctrine of res ipsa loquitur. "The doctrine has been applied to water main breaks . . . and this type of event has frequently been cited as a typical example of a case where the doctrine is commonly applicable" (*De Witt Props. v City of New York,* 44 NY2d 417, 426 [1978] [citations omitted]; *see Foltis, Inc. v City of New York,* 287 NY 108, 116-117 [1941]; *Shinshine Corp. v Kinney Sys.,* 173 AD2d 293, 294 [1991]; *Dillenberger v 74 Fifth Ave. Owners Corp.,* 155 AD2d 327 [1989]; *cf. Gorgoni v Sideris Plumbing & Heating Corp.,* 18 AD3d 201, 202 [2005]; *Swain v 383 W. Broadway Corp.,* 216 AD2d 38 [1995]; *Payless Discount Ctrs. v 25-29 N. Broadway Corp.,* 83 AD2d 960 [1981]). In its

reply, the defendant failed to establish as a matter of law that it lacked exclusive control over the pipe, which is a necessary element of the doctrine (see Payless Discount Ctrs. v 25-29 N. Broadway Corp., supra; cf. De Witt Props. v City of New York, supra). Accordingly, the defendant's motion should have been denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

However, the plaintiff's cross motion for summary judgment on the issue of liability must be denied. "[T]he circumstantial evidence allows but does not require the jury to infer that the defendant was negligent" (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; see Foltis, Inc. v City of New York, supra at 119). Summary judgment to a plaintiff in a res ipsa loquitur case should be a rare event, granted "only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (7 NY3d at 209). The facts of this case do not present such a rare event. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.