■ EVER WIN, INC., Appellant, v 1-10 INDUSTRY ASSOCIATES, LLC, Respondent. (Action No. 1.) ATLANTIC MUTUAL INSURANCE

COMPANY, Plaintiff, v EVER WIN, INC., Appellant, and 1-10 INDUSTRY ASSOCIATES, LLC, Respondent. (Action No. 2.) [905 NYS2d 196]—

In two related actions to recover damages for injury to property, Ever Win, Inc., the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals from a judgment of the Supreme Court, Kings County (Lewis, J.), entered May 13, 2009, which, upon a jury verdict in its favor and against 1-10 Industry Associates, LLC, the defendant in action No. 1 and a defendant in action No. 2, on the issue of liability, and upon an order of the same court dated March 20, 2009, granting the motion of 1-10 Industry Associates, LLC, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint in action No. 1, is in favor of 1-10 Industry Associates, LLC, and against it dismissing the complaint in action No. 1.

Ordered that the judgment is reversed, on the law, with costs, the order dated March 20, 2009, is vacated, the motion of 1-10 Industry Associates, LLC, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint in action No. 1 is denied, the jury verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The appellant leased certain space in a basement of a building owned by 1-10 Industry Associates, LLC (hereinafter 1-10). The appellant used that space for storage.

On August 4, 2003, one of the building's sprinkler system's water pipes, located in another tenant's area and beneath the basement's concrete floor, burst. Consequently, the basement was flooded. The flood allegedly damaged the appellant's property.

Alleging that 1-10 was negligent, and that 1-10's negligence caused the flood, the appellant commenced an action against 1-10 to recover damages for injury to property. Subsequently, 1-10 moved for summary judgment dismissing the appellant's complaint. In the resultant order, the Supreme Court granted 1-10's motion. The appellant appealed from that order, and this Court determined that 1-10's motion should have been denied,

holding that in opposition to 1-10's prima facie showing of its entitlement to judgment as a matter of law, the appellant raised a triable issue of fact as to whether 1-10 was negligent (*see Ever Win, Inc. v 1-10 Indus. Assoc., LLC*, 33 AD3d 845, 846-847 [2006]). This Court found that the appellant did so "by relying on the *doctrine of res ipsa loquitur*" (*id.* at 846).

The matter proceeded to a trial on the issue of liability. At the conclusion of the trial, the jury, charged on the theory of res ipsa loquitur, found that 1-10 was negligent, and that 1-10's negligence was "a substantial factor in causing [the] water damage" to the appellant's property.

The Supreme Court then granted 1-10's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the appellant's complaint, finding, inter alia, that the appellant "failed to meet its burden with respect to res ipsa loquitur." However, the Supreme Court erred in granting 1-10's motion.

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." A court may set aside a jury verdict as unsupported by legally sufficient evidence only if there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, viewing the evidence in the light most favorable to the appellant, as we must (*see Alexander v Eldred*, 63 NY2d 460, 464 [1984]), a valid line of reasoning and permissible inferences could lead rational individuals to draw an inference, pursuant to the doctrine of res ipsa loquitur, that 1-10 was negligent.

A plaintiff seeking to rely on the doctrine of res ipsa loquitur must establish three elements (*see Kichorowsky v Kennedy Houses Owners, Inc.*, 31 AD3d 502, 503 [2006]). Those elements are as follows: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]).

The evidence was legally sufficient to establish that the event was of a kind which ordinarily does not occur in the absence of someone's negligence. As this Court observed on the prior appeal, the doctrine of res ipsa loquitur " 'has been applied to wa-

ter main breaks . . . and this type of event has frequently been cited as a typical example of a case where the doctrine is commonly applicable' " (*Ever Win, Inc. v 1-10 Indus. Assoc., LLC*, 33 AD3d at 846, quoting *De Witt Props. v City of New York*, 44 NY2d 417, 426 [1978]; *see Foltis, Inc. v City of New York*, 287 NY 108, 116-117 [1941]; *Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294 [1991]; *Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327 [1989]; *Payless Discount Ctrs. v 25-29 N. Broadway Corp.*, 83 AD2d 960, 961 [1981]).

The evidence was also legally sufficient to establish that the event was caused by an agency or instrumentality within 1-10's exclusive control. Although the pipe that burst was located in a leased area, the evidence showed that 1-10 was solely responsible for the repair and maintenance of the building's sprinkler system, and that the tenant had no real access to the pipe (*see Payless Discount Ctrs. v 25-29 N. Broadway Corp.*, 83 AD2d at 961; *cf. De Witt Props. v City of New York*, 44 NY2d at 426; *Gorgoni v Sideris Plumbing & Heating Corp.*, 18 AD3d 201, 202 [2005]).

Finally, the evidence was legally sufficient to establish that the event was not due to any voluntary action or contribution on the part of the appellant. Accordingly, the Supreme Court should have denied 1-10's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d at 499). Furthermore, contrary to 1-10's contention, the jury verdict was based on a fair interpretation of the evidence and, therefore, was not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134-135 [1985]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.