In an action to recover damages for injury to property, the defendant appeals from a judgment of the Supreme Court, Kings County (Lewis, J.), dated April 27, 2012, which, upon a jury verdict and upon an order of the same court dated April 24, 2012, denying its motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, or to set aside the verdict and for a new trial, is in favor of the plaintiff and against it in the principal sum of $1,181,660.
Ordered that the judgment is affirmed, with costs.
The plaintiff, a clothing importer, leased certain space in the basement of a building owned by the defendant, which the plaintiff used for storage of its goods. After one of the building’s sprinkler system’s water pipes burst, causing the basement to *885 flood, the plaintiff commenced this action to recover damages for injury to its property. At the liability portion of the bifurcated trial, the jury rendered a verdict in favor of the plaintiff, and the jury verdict was upheld by this Court on appeal (see Ever Win, Inc. v 1-10 Indus. Assoc., LLC, 74 AD3d 735 [2010]).
The defendant then moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiff from offering at the damages portion of the trial any evidence of damages, based upon the plaintiffs disposal of some of the damaged goods and sale of the remainder of the goods for salvage. The Supreme Court denied the motion. At the trial on the issue of damages, the plaintiff offered evidence showing that the flood damaged an order of goods that were under contract to be purchased by a third party and that were being stored in the space until the scheduled shipment date. The jury awarded the plaintiff the principal sum of $1,181,660, which represented the difference between the price for which the goods were contracted to be sold and the sum received by the plaintiff from the salvage sale. The Supreme Court denied the defendant’s motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, or to set aside the verdict and for a new trial, and entered judgment in favor of the plaintiff in accordance with the jury’s verdict.
The Supreme Court providently exercised its discretion in denying that branch of the defendant’s motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering at trial any evidence of damages based upon spoliation of evidence. The defendant failed to establish that it was severely prejudiced by the disposal and sale of the damaged goods, fatally compromising its ability to mount a defense and necessitating such relief as a matter of fundamental fairness (see Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717 [2009]; Kirschen v Marino, 16 AD3d 555 [2005]; Chiu Ping Chung v Caravan Coach Co., 285 AD2d 621 [2001]).
The Supreme Court properly denied the defendant’s motion pursuant to CPLR 4404. The defendant’s right to challenge the plaintiffs standing to commence the action was waived by its failure to raise the issue in its answer or in a pre-answer motion to dismiss (see CPLR 3211 [e]; Citibank, N.A. v Swiatkowski, 98 AD3d 555 [2012]).
The evidence was also legally sufficient to establish that the plaintiff suffered actual damages and to establish such damages with reasonable certainty (cf. Sherman v Pace Univ., 17 AD3d 282 [2005]; Atlantic Mut. Ins. Co. v Noble Van & Stor. Co., 146 AD2d 729 [1989]). The fact that the plaintiff had not yet paid for a portion of the subject goods did not render the jury’s award *886 a windfall for the plaintiff (cf. Swain v 383 W. Broadway Corp., 216 AD2d 38 [1995]). Accordingly, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury, and the defendant was not entitled to an order setting aside the verdict and entering judgment in its favor (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
Furthermore, the defendant was not entitled to a new trial on the basis of alleged errors in the jury charge. The Supreme Court properly granted the plaintiffs request for a missing witness charge as to the defendant’s employee who was present in the plaintiffs leased space after the flood and who saw the damaged goods (see Zito v City of New York, 49 AD3d 872, 874 [2008]).
The Supreme Court properly denied the defendant’s request to charge the jury that the plaintiff’s lost profits from its contract with the third party were not recoverable. “Generally, where property is damaged but not destroyed, the measure of damages is the difference between the market value before the damage and the market value afterwards” (Atlantic Mut. Ins. Co. v Noble Van & Stor. Co., 146 AD2d 729, 729 [1989]; see Gass v Agate Ice Cream, Inc., 264 NY 141 [1934]; Interested Underwriters at Lloyds v Third Holding Corp., 88 AD2d 863 [1982]). The market value of a merchant’s goods is the price at which they could be replaced in the market, not the retail price at which they could be sold (see Wehle v Haviland, 69 NY 448, 450 [1877]; Fultonville Frozen Foods v Niagara Mohawk Power Corp., 91 AD2d 732 [1982]). This is because allowing recovery of the retail value of damaged goods “would in effect overcompensate the merchant by allowing recovery of unearned profits” (2-248 Warren’s Negligence in New York Courts § 248.01 [3] [b] [2013]).
Here, however, the plaintiff was not holding the goods in stock in anticipation of trying to sell them at retail for “uncertain and indefinite profits which the plaintiff might have made” from their sale Wehle v Haviland, 69 NY at 451). Rather, the goods were already under contract for a specified price and awaiting delivery. “[W]here ... a loss of profits is the natural and probable consequence of the [defendant’s negligence], and their amount is shown with reasonable or sufficient certainty, there may be a recovery” (Snyder v Bio-Lab, 94 Misc 2d 816, 819 [1978] [Sup Ct, Monroe County]; see Fantis Foods v Standard Importing Co., 49 NY2d 317, 326 [1980]; Steitz v Gifford, 280 NY 15, 20 [1939]; Lizden Indus., Inc. v Franco Belli Plumbing & Heating & Sons, Inc., 2011 NY Slip Op 32335[U], *16 *887 [Sup Ct, NY County 2011], modified on other grounds 95 AD3d 738 [2012]).
The defendant’s remaining contention is without merit. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur. [Prior Case History: 35 Misc 3d 1216(A), 2012 NY Slip Op 50715OJ).]